CRANSTON HOWE *vs.* THE CITY OF BOSTON.

Where a person, who is liable to be taxed in a city or town for any real estate, is overtaxed by the assessors, whether the excess is caused by too high a valuation of real estate for which he is liable to be assessed, or by including in the valuation estates for which he is not liable, his only remedy is by application to the assessors for an abatement.

BIGELOW, J. The question of law, raised by the agreed statement of facts in this case, has been substantially determined by former decisions of this court. The plaintiff seeks to recover, in an action of assumpsit, a portion of the amount paid by him to the city of Boston, under protest and by compulsion, for taxes on real estate assessed to him for the year 1848. It appears that the plaintiff was a resident of the city in that year, and was legally assessed therein for personal estate and income, and also for a certain dwelling-house and parcel of land of which he was the owner. In addition thereto,

he was assessed for sixteen lots of land, situated at South Boston, which were the property of the United States. These lots he had agreed to purchase, and had paid an instalment of the purchase money, but no deed thereof had been given to the plaintiff on the 1st day of May, 1848, he not being entitled thereto until he had made further payments. The case, therefore, finds that a part of the tax on real estate assessed to the plaintiff, in the year 1848, was legally assessed to and paid by him. This action is brought to recover back so much of the tax assessed and paid by the plaintiff on real estate, as was assessed on said sixteen lots of land, on the ground that they were, on the 1st day of May, 1848, the property of the United States, and so, by law, exempt from taxation.

We consider the rule well settled in this Commonwealth, that where a party is rightfully taxed for any personal or any real estate, his remedy, and his only remedy for any excess of taxation, is by application for an abatement in conformity with the provisions of c. 7 of the revised statutes; whether the excess arises from including in the valuation property of which the person taxed is not the owner, and for which he is not liable to be assessed, or from placing an undue and disproportionate value on that of which he is the owner. In all such cases the assessment is valid, and the party aggrieved cannot maintain an action at law to recover back a portion of a tax so assessed, although paid by compulsion. But, on the other hand, if a person not legally liable to be taxed in a city or town, is nevertheless assessed there, then the assessment is regarded as wholly invalid, and, on payment by compulsion, the amount illegally assessed, that is, the entire tax, can be recovered in this form of action. *Little* v. *Greenleaf*, 7 Mass. 236; *Osborn* v. *Danvers*, 6 Pick. 98.

In the application of this rule, however, a distinction is recognized, founded on the essential difference in the mode of assessing and collecting taxes on real and personal estate. Personal estate follows the domicil, and is assessed to the owner in the place of his residence. Real estate is assessed in the town or city in which it is situated, to non-residents as well as residents. The former constitutes no lien on the pro

perty; the latter creates one on the premises assessed for the amount assessed thereon. These differences in the mode of assessing and collecting taxes on personal and real property have caused each to be regarded in law as a separate and distinct class or subject of taxation, in relation to which the remedies of parties are entirely separate and distinct. *Preston* v. *Boston*, 12 Pick. 7.

But this distinction goes no farther than to allow the validity of an assessment, on each class or subject of taxation, to be determined by itself, irrespective of the other. The rules of law, by which the validity of a tax is tried, are the same as respects both; and, in order to render the whole tax invalid on either kind of property, so as to recover it back after payment by compulsion, it must be made to appear that the party aggrieved was not liable to assessment for any part of that class or subject of taxation of which he complains. The tax on the real estate, and that on the personal estate, each forms one integral and substantive amount or assessment, as between the tax-payer and the town or city, and cannot be invalidated and set aside in part only. It follows, therefore, that a party cannot be permitted to go behind the assessment, either on personal or on real estate, and look into the details and particulars of which the entire valuation is made up, and claim to recover back a portion of an entire assessment, on the ground that it included property of which he was not the owner, and for which he was not liable to assessment. *Osborn* v. *Danvers*, 6 Pick. 98; *Boston Water Power Co.* v. *Boston*, 9 Met. 199. Such was admitted to be the rule, as to personal estate, by the learned counsel for the plaintiff; but it was strongly urged in argument, that it did not apply to real estate. We can see no ground for this distinction; on the contrary, the reasons on which the rule is founded are equally applicable to both species of taxation. The error of the counsel has arisen from a misapplication of the principles recognized and acted on in the cases cited by him.

The case of *Preston* v. *Boston* has been already referred to and only establishes the principle, that, having regard to the

essential differences in the mode of assessing and collecting taxes on personal and on real estate, the question of the legality of a tax upon each kind of property is to be determined irrespective of the others.

The case of *Hayden* v. *Foster*, 13 Pick. 492, upon which the plaintiff mainly relies, presented a different question from that now before the court. The question in that case was solely as to the extent of the lien created by statute on real estate for taxes, so far as it affected third parties, who had collateral, independent and derivative interests in property, which had been assessed to a common owner. There the attempt was to charge, under the lien created by statute, on one piece of real estate, in the possession of a mortgagee, the entire tax assessed on several pieces of real estate to the mortgagor, as a common owner of all. But the court held, that in such cases, in order to prevent inconvenience and confusion of rights, as well as great hardship and injustice, the statute lien did not extend beyond the amount of tax assessed on each separate parcel of real estate, and that the books of the assessors might be resorted to, to ascertain the precise valuation of each parcel, for which only it was liable to be sold in case of non-payment of the tax upon it. It is manifest that the decision in that case was grounded on the highest principles of equity, and justified by the necessity of affording to an innocent party the only remedy which the law could give him. Perhaps the language of the court, in regard to the assessment of separate parcels of real estate, is somewhat general, and, taken by itself, might give color to the argument pressed upon us by the counsel for the plaintiff; but taken in connection with the facts in that case, and the question actually before the court, it can have no legitimate application to the case at bar. There the question was not, as it is here, between the tax-payer and the city, but between a party claiming title under a sale for taxes made by the city, and another party, who held a title derived from the person who was legally assessed with the tax; and was not a question as to the illegality of a tax, or an over-valuation, but only as to the extent of the lien created by law.

No case has been cited, and none can be found, where it has been determined that one part of the same tax, whether on real or personal estate, laid for a lawful purpose, may be held legal, and another portion illegal and invalid; so that the latter can be recovered back in an action of assumpsit by the person who has been compelled to pay it. On the contrary, the recent case of *Boston Water Power Co.* v. *Boston,* 9 Met. 199, recognizes and reaffirms the true rule, and is decisive of the present case. That rule is, that the whole real estate in the same town or city constitutes, as between the tax-payer and the town or city, but one subject of taxation; and therefore, when the tax-payer has cause for complaint that his tax is too large, his only remedy is by application to the assessors for abatement; and, on their refusal, by an appeal to the mayor and aldermen, or county commissioners, in the manner prescribed by the statute. This being the rule, and it being admitted that a part of the tax on real estate was rightly assessed to the plaintiff, he cannot, in an action at law, go behind the assessment, and examine into the items and particulars of the tax for the purpose of invalidating and setting aside a part only. It is an entire tax, rightfully laid, and if excessive in amount, it is an over-valuation only.

*Plaintiff nonsuit.*

*W. Brigham,* for the plaintiff.

*P. W. Chandler,* city solicitor, for the defendant.