WHEELER, *administratrix, versus* WHEELER.

| 33 | 347 |
| 94 | 251 |
| 33 | 347 |
| 95 | 345 |

The sale of personal property by one tenant in common, does not, *as against another tenant in common*, vest the property in the vendee.

Such other tenant in common may, however, at his election, maintain trover for his share against the vendor.

The assuming, by one tenant in common of a chattel, to own and to sell the whole of it, is sufficient evidence of conversion, in an action of trover against him by the other tenant in common.

ON REPORT, from *Nisi Prius*, TENNEY, J.

TROVER, for one undivided half of a dwellinghouse.

The facts, as ascertained by the verdict, were, that the plaintiff's intestate and the defendant jointly built the house on their father's land, and with his consent. The father afterwards conveyed the land by a deed, (making no mention of any buildings,) to the defendant and another person, and those grantees conveyed the land to one Whittier by a warranty deed.

The Judge directed a verdict for the defendant, on the ground that no conversion was proved, but requested the jury, by consent of parties, to find the value of the plaintiff's interest in the house.

The parties then agreed, that if the direction of the Court was incorrect, the verdict should be set aside and a default entered for the value of the plaintiff's right in the house, as returned by the jury, with interest thereon.

*Cutting*, for the defendant.

*Mudgett* and *Peters*, for the plaintiff.

SHEPLEY, C. J. — The facts, according to the finding of the jury under the first clause of the instructions, are, that Philander Wheeler, the plaintiff's intestate, and the defendant jointly built a dwellinghouse upon the land of their father, Daniel Wheeler, by his consent. That Daniel Wheeler conveyed that land to Daniel Wheeler, Jun., and the defendant, who conveyed the same to Nathaniel P. Whittier. The buildings upon the land were not named in the deed of conveyance. There is no proof that Whittier had any knowledge, that the whole house was not owned by the vendors. The defendant, when called upon in behalf of the plaintiff, stated that he had sold the house, alluding, it is admitted, to the conveyance to Whittier.

By that conveyance Whittier would not obtain a legal title to the share of the house owned by the intestate, according to the cases of *Russell* v. *Richards*, and *Hilborn* v. *Brown*. But those cases do not decide, as it respects the grantor, that the whole house, would not be conveyed. According to the

established rule of law, a conveyance of land conveys the buildings upon it, without any description of them; and the whole house as between the parties to the deed was conveyed to Whittier, who if legally deprived of any portion of it might maintain an action upon the covenants of his deed to recover his damages.

It does not therefore follow, that there has not been a conversion of it by the defendant, because Whittier did not obtain a legal title to the whole of the house. Nor that there has not been a conversion of it, because the plaintiff in her capacity of administratrix, may have a title superior to that of Whittier in a share of the house.

When one of two persons owning personal property jointly assumes to be the owner, and to convey the whole of it, the purchaser does not acquire a title to the whole, as it respects the other owner, who may assert his title to his own share, and if not resisted he may take possession and hold the property rightfully, but not exclusively. While at the same time he may omit to do so, and may maintain an action of trover against the other owner, who assumed to convey, and who, as between himself and the purchaser, did convey the whole of the property. The act of assuming to be the owner of the whole, and to convey it, is a conversion of the other's share of it. *Wilson* v. *Reed*, 3 Johns. 175 ; *Weld* v. *Oliver*, 21 Pick. 559; *Dain* v. *Cowing*, 22 Maine, 347.

In the latter case it was decided, that trover could not be maintained in such cases, against the purchaser, without proof of a conversion, other than that arising out of his becoming a purchaser, and claiming to be the sole owner.

The defendant having with another person assumed to be the owner of the house, to the exclusion of the intestate, and to convey the whole of it to Whittier, was guilty of a tortious act amounting to a conversion.

According to the report, the verdict is to be set aside, and the defendant defaulted, and judgment is to be rendered for the amount found by the jury, with interest upon it.