ANTHONY C. ROSSIRE & another *vs.* CITY OF BOSTON.

A city is not estopped from claiming land which it owns, by the wrongful act of its assessors in taxing it to a person who had no title to or possession of the same, or by a collector's sale for non-payment of such tax.

WRIT OF ENTRY for a piece of land in Boston. The facts, which are stated in the opinion, were agreed, and the case was reserved for the determination of the whole court.

*D. Thaxter*, for the demandants.

*J. P. Healy*, for the tenants.

CHAPMAN, J. In March 1841, the tenants took possession of the demanded premises under a *habere facias*, issued upon a judgment to foreclose a mortgage, and have remained in possession to the present time. After the lapse of three years, the right of redemption expired by operation of law, and their title became absolute.

At the time of the entry, the equity of redemption was in John Welsh. He conveyed it to Wilson J. Welsh, March 4, 1842. Wilson conveyed it to Hiram Pond, May 14, 1842. Pond conveyed it to D. S. Greenough, October 3, 1842, and in his hands it became extinct.

The assessors of Boston taxed the land to Hiram Pond, in 1842, for city and county taxes. And on the 9th of September 1844, James C. Dunn, who was then the city collector and treasurer, sold it as the property of Pond for payment of these taxes. It was purchased by William A. Aiken, from whom, through several mesne conveyances, the demandants derive their title. The validity of their title depends upon the validity of the collector's sale.

If the assessors and collector were to be regarded in the light of mere private agents of the city, there might be some foundation for the demandants' position, that the city is estopped to deny the validity of their acts. But they are not to be so regarded. Though elected by the city, they are public officers, having their duties prescribed by law, for the general welfare, and are guided by the law in the exercise of these duties. *Walcott* v. *Swampscott*, 1 Allen, 101. *Buttrick* v. *Lowell*, Ib. 172. *Kimball* v. *Boston*, Ib. 417. Therefore the city is not estopped to deny the validity of their proceedings.

It was obviously an error to tax this land to Pond. Property is to be taxed to those who are owners or occupants on the 1st of May. Rev. Sts. *c.* 7, § 7. But on the 1st of May the city had the legal title and the possession. Pond never had possession; and no conveyance of the equitable title until May 14. And it was an error to sell the land as his in September 1844, for

the equity of redemption had then been extinct for several months. Neither he, nor those claiming under him, then had any interest in the land, legal or equitable.

It is contended that the tax was valid against the city, because the property was taxable as the property of the city, and the tax to Pond is to be regarded as a mere error in the name of the party assessed. But a tax upon city property operates as a tax on the city treasury. It must be paid out of the treasury for the mere purpose of being repaid. And as the object of a tax is to replenish the treasury in the amount assessed, the only effect of such a tax would be to defeat that object to the extent of the tax on the treasury. And though the language of Rev. Sts. *c.* 7, § 3, may be broad enough to include lands owned by the city, it is obvious that none of the provisions of chapters 7 and 8, relating to the bringing in of lists, abatement of taxes and proceedings to enforce payment, contemplate the taxation of city property.

These views make it unnecessary to consider the questions raised in respect to the regularity of the proceedings of Dunn, and the recitals in his deed. The court are of opinion that the tax and the sale were void as against the city, and that the demandants have no title under them.

*Judgment for the tenants.*