### JOHN MILLAR *vs.* BENJAMIN ALLEN.

A mortgagor of personal property, left in possession thereof, who again mortgages the entire property without giving notice of the existing mortgage, and afterwards gives the second mortgagee possession, or permits him to take possession thereof, is guilty of tortious conversion, and is liable to the first mortgagee in an action of trover.

TROVER for eight horses, two omnibuses, and two sets of harness, mortgaged by the defendant to the plaintiff on the 27th day of July, 1868, to secure a note for $1,700, the defendant representing that sum to be the value of the property at the time the mortgage was given. Demand was made for the property on the third day of May, 1869, and the same refused.

At the trial of the case at the March Term, 1870, of the Supreme Court for this county, before Mr. Justice *Durfee* and a jury, the plaintiff put in evidence the mortgage, the statement of Allen that seventeen hundred dollars was a fair valuation of the property, the demand and refusal, and there rested.

The defendant offered evidence to show that subsequent to said mortgage to the plaintiff the defendant gave a second mortgage to one Ebenezer Allen, before said property was demanded by the plaintiff, and that said Allen took possession of it, and at the time of the plaintiff's demand the property was out of the possession and control of the defendant, so that he could not comply with the demand. This evidence the court ruled to be inadmissible.

The defendant then made the general offer to introduce evidence that the property was out of the possession and control of the defendant at the time of the demand, which the court also ruled to be inadmissible.

A verdict having been rendered for the plaintiff for $1,274, the defendant excepted to the above rulings of the court, and moved for a new trial.

*B. N. & S. S. Lapham,* for the defendant, in support of the motion. I. The giving of a second mortgage on personal property is not a conversion of the property, even if the existence of the first is not mentioned.

II. If property, at the time it is demanded, is not in the

possession or under the control of the defendant, a neglect to deliver it is not a conversion. 2 Greenl. Ev. § 644.

*Thurston, Ripley & Co.*, for the plaintiff, *contra*. The rulings of the court were correct, for the reason that the defendant was estopped from setting up any such facts to defeat the plaintiff's claim. He cannot say, after solemnly declaring under his hand and seal that the property is his and that he thereby transfers all his title therein to the plaintiff, that he has subsequently wilfully and knowingly done an act to defeat that title. As between the parties to an instrument, and in an action upon it, or where an action is brought to enforce rights arising out of the deed and not collateral to it, a deed operates as a conclusive bar, and prevents all inquiry into the truth. Chitty on Cont. p. 6; *Stone* v. *Wise*, 7 Conn. 214; *Douglas* v. *Scott*, 5 Ohio, 199. Evidence of declarations or acts of the grantor subsequently to his deed is not admissible to defeat the grant. *Patten* v. *Goldborough*, 9 S. & R. 47; *McIldowny* v. *Williams et al* 28 Pa. St. 492. Nor is it necessary that the deed shall contain covenants of warranty. *Carter* v. *Chaudron*, 21 Ala. 72.

DURFEE, J. The question in this case is, whether a mortgagor of personal property, left in possession thereof, is guilty of tortious conversion, if he mortgages the entire property without notice of the existing mortgage, and afterwards gives the second mortgagee possession, or permits him to take possession.

It is well settled that the mortgagor in possession is to be regarded as a bailee for the mortgagee, who is the legal owner, with the right to take possession at any time, unless he has otherwise stipulated. If the mortgagor were a *mere* bailee, there can be no doubt that he would be liable in trover, if he should sell or mortgage the property and deliver it to his vendee or mortgagee. But he is not a mere bailee, for he has an interest in the property, to wit, his equity of redemption. This he may doubtless either sell or mortgage, being careful, however, not to do anything with the chattel itself which shall prejudice the rights of the prior mortgagee, for in so doing he is simply dealing with his own as his own. But can he go further and mortgage or sell the entire property, and thus deal with or use that which belongs to the mortgagee as if it were his own? Certainly not, without an authority either express or implied. In

this case it is not claimed that there was any express authority, or any peculiar circumstances from which any authority can be inferred. If, therefore, the authority is to be inferred, it is to be inferred simply from the relation between a mortgagor in possession and the mortgagee. We find no ground for such an inference. The mortgagor in possession has, in our opinion, as such, no more right to sell or mortgage that which does not belong to him, than any other bailee, and when he sells or mortgages the entire property, without notice of the existing mortgage, he does sell or mortgage that which is not his own, to wit, the property of the first mortgagee.

In *Ashmead & others* v. *Kellogg*, 23 Conn. 70, the question arose with regard to a sale by a mortgagor in possession. We understand the view of the court in that case, though there was some complication of the facts, to have been, as expressed in the marginal note, that an unqualified sale by the mortgagor in possession, not merely of his own interest in the equity of redemption, but of the entire property for his own benefit, is a wrongful conversion, for which trover will lie.

In *Coles* v. *Clark & another*, 3 Cush. 399, it was held that trover would lie against an auctioneer for selling mortgaged property and paying over the proceeds to the mortgagor, who had been left in possession and had sent him the property for sale, though he was ignorant of the existence of the mortgage, which had, however, been recorded. It is true there was fraud in the case, but the defendant was not implicated in it, and the court, in its opinion, expressly excludes it from consideration. Shaw, C. J., said: "It is sufficient, for the view we take of the case, that the conduct of the mortgagor was unlawful; that she had no title in herself which she could transfer to another by sale; and that she had no authority to transfer the title of the mortgagee. And the court are of the opinion that the sale and disposition of the goods, the delivery of them and receiving the proceeds, by order and direction of the mortgagor, who had neither title nor power, was a conversion, and that this action may be maintained." See also *White* v. *Phelps*, 12 N. H. 392; *Chamberlain* v. *Clemence*, 8 Gray, 389; *Ballune* v. *Wallace*, 2 Rich. 80; *Spriggs* v. *Camp*, 2 Speers, 181. So it has been held that trover will lie in the case of a sale of the entire property by

a tenant in common; *Hyde* v. *Stone*, 9 Cow. 230; *Weld* v. *Oli-ver*, 21 Pick. 559; *Wheeler* v. *Wheeler*, 33 Maine 347; or by a lessee during the term of his lease; *Grant* v. *King*, 14 Vt. 367; *Tenn et al.* v. *Brittlestone et al.* 8 Eng. L. & Eq. 482; the qualified interest of the vendor giving him no authority to sell the entire property.

We are of the opinion that the defendant could not excuse his non-compliance with the plaintiff's demand for the property by showing that he had mortgaged and delivered it to another person, or permitted such other person to take it, the second mortgage not being made subject to the first, or with notice of the first. Whether, if such notice had been given, or even if the second mortgage had been made expressly subject to the prior mortgage, he would have been excused, we need not decide.

We therefore deny the motion for new trial, with costs for the plaintiff. *New trial denied.*