ABBIE E. C. WRIGHT *et al. vs.* JOSEPH WILLIAMSON.

Waldo.   Decided December 26, 1877.

*Will.*

The title of a devisee under a will, to whom an immediate estate is given, dates from the death of the testator and not from the probate of the will.

And this is so where the will is made and proved in another state and a copy is filed and recorded in this state.

Where an estate is devised, the rents and profits belong to the devisee.

ON AGREED STATEMENT.

ASSUMPSIT for money had and received.

*P. Hersey,* for the plaintiffs.

*N. H. Hubbard,* for the defendant.

Two parties claim the money which the defendant collected as the attorney of the plaintiffs' brother. He is ready to pay it to him or to the plaintiffs, as the court adjudge.

APPLETON, C. J. This is an action of assumpsit to recover certain moneys paid the defendant for the rent of real estate belonging to the plaintiffs.

The plaintiffs are daughters of Abigail Cunningham, who died in Baltimore, Md., April 20, 1857, leaving a will by which the real estate, the rents of which are in controversy, is devised to these plaintiffs, and naming their brother, T. A. Cunningham, as executor. The will was duly proved in Baltimore, April 10, 1858, and was admitted to probate in this county, January 12, 1875.

On October 1st, 1856, Abigail Cunningham, by an instrument under seal, leased the land for a period of ten years. T. A. Cunningham was appointed administrator in this county upon his own petition and collected the rents due under the lease given by Mrs. Cunningham.

The estate of Mrs. Cunningham has never been declared insolvent in this state and no portion of the land devised has been sold to pay debts.

The defendant acted as the attorney of T. A. Cunningham, by whose directions he leased the lands devised, executing the lease in the name of his principal and collecting under the same the amount sought to be recovered in this action. For this amount, the plaintiffs made a demand September, 1872.

T. A. Cunningham claims the funds in controversy. The defendant is ready to pay the amount to parties entitled legally to receive the same.

An immediate estate was given to the plaintiffs by the will of Mrs. Cunningham. The title of the devisees dates from the death of the testator and not from the time of the probate of the will. This rule applies though the will was made and proved in another state and a copy filed and recorded in the probate court of this state. *Spring* v. *Parkman,* 12 Maine, 127.

The real estate devised vested in the devisees. The rents consequently belonged to them. The administrator has no right to them. *Heald* v. *Heald,* 5 Maine, 387. *Stinson* v. *Stinson,* 38 Maine, 593. *Kimball* v. *Sumner,* 62 Maine, 305.

Although Cunningham had no right to lease the premises, yet leasing them and receiving the rents, the plaintiffs may affirm his wrongful acts. Their affirmance may be by suit. Were the rents in the hands of T. A. Cunningham, the plaintiffs would be entitled to recover them from him. The defendant cannot justify their detention as his agent. *Judgment for the plaintiffs.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.