INHABITANTS OF ELLIOT *vs.* SYLVESTER SPINNEY *et al.*

York. Opinion December 30, 1878.

*Tax.*

The statute (R. S., c. 6, § 26,) declares that " the undivided real estate of any deceased person may be assessed to his heirs or devisees without designating any of them by name." *Held*, in construing the statute, that such estate may be taxed to the heirs without naming them when, and only when, it descends to them by operation of law ; and that it may be taxed to devisees without naming them when, and only when, it comes to them by will.

In an action of debt for taxes to the heirs of Francis Spinney, the defense claimed that the tax should have been assessed to the devisee, and offered a certified copy of the will devising the real estate taxed, and claimed that the will, approved and allowed, without other notice to the assessors, of the diversion of any portion of the deceased's estate from his heirs, constituted a defense to the action. *Held*, on exceptions by the plaintiffs, that the ruling of the presiding justice sustaining the defense was correct.

ON EXCEPTIONS.

DEBT for taxes, as in the last head-note stated.

*G. C. Yeaton,* for the plaintiffs.

*I. T. Drew,* for the defendants.

WALTON, J. The only question is whether certain real estate in the town of Elliot was rightfully taxed to " the heirs of Francis Spinney."

We think it was not. It did not descend to his heirs. He disposed of all his real estate by will, and those to whom it was given took it as devisees, and not as heirs. True, the revised statutes (c. 6, § 26,) declare that " the undivided real estate of any deceased person may be assessed to his heirs or devisees, with-

out designating any of them by name, until they give notice to the assessors of the division of the estate and the names of the several heirs or devisees." But we do not think this means that the estate may be taxed to the heirs when it has been given to devisees. Certainly it could never have been the intention of the legislature to allow real estate to be taxed to devisees, when the deceased owner has died intestate and there are no devisees; and we think it would be equally unreasonable to suppose that the legislature intended to allow real estate to be taxed to heirs, which has been disposed of by will, and there are no heirs. An heir is one who takes by descent. A devisee is one who takes by will. To allow real estate to be taxed to devisees, when there are none, or to heirs, when in law and in fact there are none, would be to allow it to be taxed to nonentities,—a result which we cannot believe the legislature intended. We think the true construction of the statute is that the undivided real estate of a person deceased may be taxed to his heirs without naming them when, and only when, it descends to them by operation of law; and that it may be taxed to devisees without naming them when, and only when, it comes to them by will. Such, in effect, was the ruling of the judge at *nisi prius*, and we think it was correct.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.