MELVILLE H. REED *vs.* J. BURTON REED.

Lincoln.    Opinion December 4, 1916.

*Writ of forcible entry and detainer. Rule of law as to burden of proof*
*when the defendant, in an action of forcible entry and detainer,*
*pleads title in himself. The right to open and close under such*
*pleading. The granting or denial of the right to open and*
*close not discretionary with the presiding Justice.*

1. The right to open and close in a trial is a legal right, to the denial
   of which exceptions lie.
2. The right to open and close in a trial is to be determined by the state
   of the pleadings at the beginning of the trial, and depends upon which
   party has the initial or primary burden of proof.
3. In a case of forcible entry and detainer, in which the defendant in the
   municipal court pleaded title in himself, and thereupon as required by
   statute the case was removed to the Supreme Judicial Court, in the latter
   court the defendant's title is the only issue, and upon that issue the burden
   is on the defendant, at the outset, and he has the right to open and close.

Action of forcible entry and detainer begun in Wiscasset munici-
pal court, county of Lincoln. Defendant pleaded general issue,
with brief statement claiming title in himself and others as tenants
in common of the land claimed. The case was then removed to the
Supreme Judicial Court as required by statute. Defendant, at the
trial, claimed the right to open and close the case. The court
denied his claim and exceptions were filed by defendant. After
hearing, a verdict was rendered for the plaintiff. Defendant filed
his bill of exceptions and also a motion for a new trial. Exceptions
sustained.

Case stated in opinion.

*Carl M. P. Larrabee, and C. R. Tupper,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J. This action of forcible entry and detainer was before this court in *Reed* v. *Reed,* 113 Maine, 522. In the municipal court the defendant had pleaded the general issue, with a brief statement of title in himself and two others as tenants in common, and thereupon the case was removed to the Supreme Judicial Court, as required by statute, R. S., chap. 96, sec. 6. We held that the municipal court had exclusive jurisdiction, subject to appeal, of all issues, except the defendant's title. In that court the plaintiff was bound to prove his title or right to maintain the action; but that the defendant by pleading title and securing a removal of the case had waived all other defenses, and that the only issue triable in the Supreme Judicial Court was that of the defendant's title.

Upon a second trial, the defendant claimed the right to open and close. His claim was denied, and he excepted. The correctness of this ruling is the question now to be decided.

The right to open and close is a legal right. The grant or denial of it does not lie in the discretion of the court. Therefore an erroneous denial of it is exceptionable. *Johnson* v. *Joseph,* 75 Maine, 547.

As a general rule, when the defendant pleads the general issue, the burden is on the plaintiff, and he has the accompanying right to open and close. And it is claimed that this rule holds, even if the defendant by way of brief statement pleads matter in bar, or by way of confession and avoidance. *Ayer* v. *Austin,* 6 Pick., 225; *Lunt* v. *Wormell,* 19 Maine, 100. Notwithstanding the plea, the plaintiff must prove his case, before the defendant is required to show his defence. The defendant contends that the rule does not hold in the peculiar situation of this case.

Of course, the right to open and close cannot be made to depend upon exigencies in the situation of the case which may arise as the trial proceeds. The rule as generally stated is that the right is to be determined by the state of the pleadings at the beginning of the trial. *Merriam* v. *Cunningham,* 11 Cush., 40; *Seavey* v. *Dearborn,* 19 N. H., 351; *Ayer* v. *Austin,* 6 Pick., 225; *Heilbronn* v. *Herzog,* 165 N. Y., 101; *Lowe* v. *Lowe,* 40 Iowa, 220. See also *Washington Ice Co.,* v. *Webster,* 68 Maine, 449; and note to *Brunswick W. R. Co.* v. *Wiggins,* 61 L. R. A. at p. 529. In other words the right

depends upon who has the initial or primary burden of proof, under the pleadings. *Judge of Probate* v. *Stone,* 44 N. H., 595. The right belongs to the party against whom judgment would be rendered, if no evidence were introduced on either side. *Davis* v. *Mason,* 4 Pick, 156; *Boardman* v. *Woodman,* 47 N. H., 120; *Elwell* v. *Chamberlin,* 31 N. Y., 611; *Chicago etc. R. Co.* v. *Bryan,* 90 Ill., 126; *Kent* v. *White,* 27 Ind., 390; *Brunswick W. R. Co.* v. *Wiggins,* 61 L. R. A., note at p. 514.

How does this case stand, in the light of these principles? Under the pleadings, the defendant's title, and not the plaintiff's, was the sole issue. The defendant's plea had eliminated all issues except that of his title. It had eliminated the office of the general issue. The case is not like the ordinary one where the defendant pleads the general issue with a brief statement. The plaintiff could safely rest upon the pleadings until the defendant had shown title. He was not bound to go forward, and offer proof, until the defendant had moved. The defendant must move first; otherwise, judgment would go against him. The defendant had the initial or primary burden. He must move, or fail.

And such in fact was the necessary procedure in this case. In the matter of proof the defendant proceeded first, and showed a title by inheritance from his father. The plaintiff then met this proof by showing a deed from the father. The defendant rebutted by attempting to show that the deed was never delivered with intent that it should pass the title.

The real dispute submitted to the jury was whether the deed had been so delivered as to pass title. But that was not the initial issue raised by the pleadings. That issue was whether the defendant had title. Until he had shown a title, the question of the plaintiff's title was immaterial. We think the defendant had the burden at the outset, and that, in accordance with the principles which we have stated, he had the right to open and close.

*Exceptions sustained.*