ELIZABETH B. TALBOT, et als., Appellants,

*vs.*

INHABITANTS OF WESLEY.

Washington.   Opinion June 6, 1917.

*Assessment of taxes.   Appeal from assessors on refusal to abate taxes.   Rule as to the assessment being made to estate of a deceased person.   Rule as to appealing from a void tax.   Rule as to application for abatement, first, where there has been over-taxation, with authority to tax, and where the entire tax was unauthorized and illegal.*

This is an appeal from the refusal of the assessors of the town of Wesley to grant an abatement of taxes for the year 1915.   The assessors for that year assessed the real estate described in the application for an abatement.   The assessed tax was $318.50.   The petitioners were at the time of the assessment the owners of the land taxed, as devisees under the last will and testament of James R. Talbot, who was in his lifetime the owner of said land.   June 30, 1915, Elizabeth B. Talbot, widow of James R. Talbot, acting for herself as agent of the heirs and devisees of said James R. Talbot, paid under protest, said tax less the discount.   The petitioners were non-residents of said town of Wesley.   After the payment as aforesaid the petitioners made written application to the assessors of Wesley to abate said tax.   The petition was refused and an appeal taken to the Supreme Judicial Court, and is before this Court upon report. The assessment was made as of land of non-residents and was assessed to "J. R. Talbot Est."   The addition of the letters "Est." shows that it was the inten-

tion to assess it to the estate of the deceased, and the law is clearly settled that an assessment of taxes upon lands to the estate of a deceased person is void. The assessment in this case was illegal. The tax was utterly void. It created no lien upon the real estate nor raised any obligation upon the part of the petitioners or any other person to pay it. It was the same as if there had never been any attempt to assess a tax. It was the same as no tax. There was nothing the assessors could abate. They could not abate something that did not exist.

The defendants are not estopped to deny the validity of the proceedings of the assessors because although the assessors were elected by the town they were public officers having their duties prescribed by law for the general welfare, and are guided by law in the exercise of their duties.

Appeal from assessors of town of Wesley, under R. S., 1903, Chap. 9, Sec. 79, (R. S., 1916, Chap. 10, Sec. 80). Respondent filed answer, setting forth that said petition cannot be maintained because the assessment of the tax for which petitioners ask abatement was illegal and void, having been assessed to the estate of a person deceased and not to the petitioners; it created no lien and raised no obligation on the part of the petitioners to pay, and said petitioners were not under any legal liability to pay, either at law or in equity; nor have they any legal right to ask for an abatement." Reported to Law Court on agreed statement of facts. Petition dismissed.

Case stated in opinion.

*C. B. & E. C. Donworth*, for appellants.

*James H. Gray*, for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, MADIGAN, JJ.

HALEY, J. This is an appeal from the refusal of the assessors of the town of Wesley to grant an abatement of taxes for the year 1915, the proceedings being instituted under the provisions of R. S., 1903, Chap. 9, Sec. 79, (R. S., 1916, Chap. 10, Sec. 80), and is reported to this court on an agreed statement of facts.

In 1915 the assessors of the town assessed the real estate described in the application for an abatement. The assessed tax was $318.50. The petitioners were, at the time of the assessment, the owners of the land taxed, as devisees under the last will and testament of James R. Talbot, who was in his lifetime the owner of said land. June 30, 1915, Elizabeth B. Talbot, widow of James R. Talbot, acting for herself as agent of the heirs and devisees of said James R. Talbot,

paid, under protest, said tax less the discount.   The petitioners were non-residents of said town of Wesley.   After the payment as aforesaid the petitioners made written application to the assessors of Wesley to abate said tax.   The assessors refused to make an abatement and so notified the petitioners in writing, and an appeal was taken to the Supreme Judicial Court.

The assessment was made as of land of non-residents and was assessed to "J. R. Talbot Est."   The learned counsel for the petitioners admit that the assessment was invalid if the term employed by the assessors, "J. R. Talbot Est." be interpreted Estate of J. R. Talbot.   There is nothing in the record that authorizes any other interpretation.   If they did not intend to tax it to the deceased, J. R. Talbot, why the letters "Est." of J. R. Talbot?   If it was intended to assess it to the devisees of J. R. Talbot, they would not have added "Est."   The addition of "Est." shows that it was the intention to assess it to the estate of the deceased, and the law is clearly settled that an assessment of taxes upon lands to the estate of a deceased person is void.   *Fairfield* v. *Woodman*, 76 Maine, 549; *Philbrook* v. *Clark*, 77 Maine, 176; *Dresden* v. *Bridge*, 90 Maine, 489; *Morrill* v. *Loveitt*, 95 Maine, 169-170.

In the last cited case it was held that the assessments, which were to the estate of the deceased person, were void, and the court said, "These taxes were utterly void.   They never had any effect.   They never created any lien or raised any obligation to pay.   A void tax is no tax.   It is as if there never had been any attempt at assessment. The owner is under no duty, either at law or in equity, to pay it." And so of the assessment in this case.   The tax was utterly void.   It created no lien upon the real estate, nor raised any obligation upon the part of the petitioners or any other persons to pay it.   It was the same as if there had never been any attempt to assess the tax. It was the same as no tax, there was nothing that the assessors could abate.   They could not abate something that did not exist.

"The remedy by application to the assessors for an abatement of taxes applies only when there has been over taxation, where there was authority to tax, and not where the whole tax was unauthorized and illegal."   *Herriman* v. *Stowers et al.*, 43 Maine, 497.   As held in an action of assumpsit, *Howe* v. *City of Boston*, 61 Mass., 273, "that where a party is wrongfully taxed for any personal or real estate, the remedy, and his only remedy, for any excess of taxation, is by

application for abatement . . . . ; whether the excess arises from including in the valuation property of which the person taxed is not the owner, for which he is not liable to be assessed, or for placing an undue and disproportionate value upon that of which he is the owner. In all such cases the assessment is valid, and the party aggrieved cannot maintain an action at law to recover back a portion of the taxes so assessed, although paid by compulsion. But, on the other hand, if a person not legally liable to be taxed in a city or town is nevertheless assessed there, then the assessment is regarded as wholly invalid, and, on payment by compulsion, the amount illegally assessed, that is, the entire tax, can be recovered in this form of action."

In this case, under the decisions of this State, the assessment complained of was void, and therefore the assessors had no authority to grant the prayer of the petitioners. The defendants are not estopped to deny the validity of the proceedings of the assessors, because, although the assessors were elected by the town, they were public officers, having their duties prescribed by law, for the general welfare; and are guided by law in the exercise of their duties. *Rossire et al.* v. *City of Boston*, 86 Mass., 57.

The above authorities are conclusive against the petitioners in this case. If they have a remedy, it is not by a petition for the abatement of a void tax, a tax that did not exist.

*Petition dismissed.*