J. CLIFTON GRAY
*vs.*
ELIZABETH HUTCHINS

Hancock.    Opinion, March 23, 1954.

*Blaisdell & Blaisdell,* for Plaintiff.

*William S. Silsby,*
*W. S. Conary,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON,
TIRRELL, WEBBER, JJ.

FELLOWS, J. This is an action of forcible entry and de-
tainer brought by J. Clifton Gray as plaintiff against Eliza-
beth Hutchins as defendant for possession of certain land
and buildings in Orland, Maine. The writ was returnable
to the Ellsworth Municipal Court on June 30, 1952. On the
return day the defendant appeared and filed a plea of the
general issue with brief statement of title. The plaintiff
made written statement that the brief statement was frivo-
lous and intended for delay. The Municipal Court decided
otherwise, and ordered defendant to recognize to plaintiff
claimant in the sum of $150 and ordered the plaintiff claim-
ant to recognize to the defendant in the sum of $150. The

case was removed to the Superior Court. At the September Term 1952 of the Superior Court for Hancock County the evidence was by agrement taken out before the presiding justice, and the case now comes to the Law Court on the report of this evidence for final decision.

The plaintiff claims title by quit claim deed from the Inhabitants of the Town of Orland, which town obtained title, if at all, under and by virtue of tax liens. The defendant Elizabeth Hutchins claims title as residuary devisee under the will of Ernest L. Bennett late of Orland deceased testate. Ernest L. Bennett was the original title holder through whom both parties necessarily claim.

Ernest L. Bennett, in his life time, owned the premises in question. Various tax liens have been recorded against the premises, one lien during Bennett's lifetime, and three liens after the date of his decease. Bennett died on August 9, 1946. The will of Ernest L. Bennett was filed August 20, 1946, but was not proved and allowed until January 22, 1952.

The title of the Inhabitants of the Town of Orland, claimant's grantor, is based on the following Collector's Tax Liens, all of which were recorded in the Registry of Deeds for Hancock County:

1. Lien for 1944 taxes assessed against Ernest L. Bennett, certificate recorded August 2, 1945.

2. Lien for 1946 taxes assessed against Ernest L. Bennett, certificate recorded April 17, 1947.

3. Lien for 1947 taxes assessed against Ernest L. Bennett, heirs of, certificate recorded April 15, 1948.

4. Lien for 1948 taxes assessed against Ernest L. Bennett, heirs of, certificate recorded April 15, 1949.

No discharge of any of these liens appears of record. The fourth parcel of land described in the deed from the town

and in each of these certificates is the property declared on in the writ.

The question presented is title. The defendant contends (1) that taxes for the years 1947 and 1948 were improperly assessed, being assessed to Ernest L. Bennett, Heirs: (2) that all of the tax liens are fatally defective in that the certificates do not sufficiently describe the real estate on which the tax was assessed, because no reference is made to buildings in the tax lien certificate.

The plaintiff claimant contends (1) that under the pleadings in the case, the burden is on the defendant to establish her title: (2) that the period of redemption having expired, the lien certificates are prima facie evidence of the title of the Town of Orland to the real estate therein described and of the regularity and validity of all proceedings: (3) that the recitals in the lien certificate show compliance with all statutory requirements for enforcement of the lien: (4) that the 1947 and 1948 taxes were properly assessed to the heirs of Ernest L. Bennett; the will of Ernest L. Bennett not having then been allowed: (5) that the real estate taxed is sufficiently described, both in the inventory and in the lien certificates: (6) that if any one of the tax liens (1944, 1946, 1947 or 1948) was sufficiently perfected, then title to the real estate is now in the claimant by virtue of his deed from the Inhabitants of the Town of Orland.

Chapter 81, Section 97, Revised Statutes of Maine (1944) provides for enforcement of liens for taxes on real estate by giving notice to the person to whom assessed and by recording a certificate in the registry of deeds, and "in the inventory and valuation upon which the assessment is made there shall be a description of the real estate sufficiently accurate to identify it."

The filing of the certificate creates a mortgage to the town under the provisions of Chapter 81, Section 98, Re-

vised Statutes (1944). See Warren v. Norwood, 138 Me. 180. By the amendment to Section 98 passed by the Legislature in 1945 as Chapter 274 of Public Laws of 1945 it was provided "The mortgage shall be prima facie evidence in all courts in all proceedings by and against the town, its successors and assigns, of the truth of the statements therein and after the period of redemption has expired, of the title of the town to the real estate therein described, and of the regularity and validity of all proceedings with reference to the acquisition of title by such mortgage and the foreclosure thereof."

In an action of forcible entry and detainer, where defendant pleads title, the title is the only issue, and the burden of proof is on the defendant. *Reed* v. *Reed,* 115 Me. 441.

It seems to be understood by the parties that if any one of the foregoing liens for any one of the taxable years 1944, 1946, 1947, 1948 are valid, that judgment must be for the plaintiff. The court must so hold, because the statutory time limit for redemption in each instance has of course expired.

The claim is made by the defendant that the evidence shows that 1944 was paid or partially paid. The objection made by the defendant as to the other liens is the question of description, because she says the description is not sufficiently accurate, that buildings on the land are not mentioned, and she claims that "buildings are the most distinctive aspect of the premises," and that the omission of the buildings renders the description inaccurate. The objection of the defendant to the later liens is also that Ernest L. Bennett left a will and that the tax was assessed against the heirs, when it should have been taxed to devisees. Furthermore, the defendant says "the tax collector sent the statutory ten-day notices to the wrong parties in that they

were sent to the heirs of Ernest L. Bennett when in fact there was a will * * * devising the real estate to the defendant."

The court considers in the first instance the last tax lien, to recover the tax assessed in 1948, where certificate was recorded in 1949. If this, or any other of the liens, is valid under the statute, the judgment must be for the plaintiff.

This lien certificate describes the property as follows: "real estate in said town of Orland, and assessed against Ernest L. Bennett, Heirs of Orland, Maine, as owner thereof said real estate being bounded and described as follows: Land bounded on the north by land of C. Wardwell, East by Range Line, South by land of I. F. Dorr, and land of Paul and Marda Saunders, West by Highway leading to Upper Falls socalled as recorded in Hancock Registry Book 672, Page 368." The certificate further certifies "that a demand for payment of said tax has been made of the said Ernest L. Bennett, Heirs of, by me by my sending by registered mail to Heirs last known place of abode at Orland, Maine, on the 1st day of April 1949" * * * "in accordance with the provisions of Chapter 81 Sections 97 and 98 of the Revised Statutes of Maine for 1944 as amended."

Wills do not become operative or "effectual to pass real or personal estate" until proved and allowed in the Probate Court. Revised Statutes 1944, Chapter 155, Section 15. Until a will is established in that forum it has no life. It may not be a legal will. It may not be a duly executed will. It may be a forgery. The testator may not have been of sound mind. There may have been undue influence. *Cousens* v. *Advent Church,* 93 Me. 292. It is only after a will has been proved and allowed in the Probate Court that it relates back to the time of the death of the testator, and title of a devisee then dates from the death of testator and not from the time of probate. *Spring* v. *Parkman,* 12 Me. 127;

*Wright* v. *Williamson,* 67 Me. 524; *Green* v. *Alden,* 92 Me. 177. When it appears of record in the Probate Court that the real estate of a deceased person has become vested in a devisee, *under a will duly probated and allowed,* the tax cannot properly be assessed to the heirs. *Tobin* v. *Gillespie,* 152 Mass. 219. Where the owners of land taxed are devisees under a valid will, an assessment against the "Estate of" the deceased testator is invalid. *Talbot* v. *Wesley,* 116 Me. 208. After a will has been proved and allowed, as in *Elliott* v. *Spinney,* 69 Me. 31, the real estate must be taxed to devisees.

The will of Ernest L. Bennett was not probated until January 22, 1952. It was filed more than five years before, but for some unexplained reason (such as possibly a threatened contest over validity) no evidence to prove the will was presented and, so far as this record shows, no hearing had. The records of the Probate Court showed that no will had been allowed prior to January 22, 1952. It was not determined that there was a will from 1946 to 1952. If there was no will, or no instrument determined to be a will, during this long period, the assessors would certainly not be expected to decide that the defendant was the devisee under a will. Its validity was not determined by proof, and allowed by the Probate Court. The statute permitted an assessment against the heirs of Ernest L. Bennett, or against his devisees. It is true that an assessment might have been made against one in possession, but the correct determination of whether a person is in possession of real estate is sometimes a difficult, if not impossible, task. The assessment was made against the heirs, and all statutory notices given to the heirs, and we think properly, for there was no will determined to be a will, that transferred title to this defendant as devisee. The record title was in the heirs unless and until a will was probated. To hold otherwise would permit a person to escape taxation for a period

of years by a continuance of a pending petition in the Probate Court (as in this case), or by failure to promptly file a will.

The inventory and valuation must contain a description of the real estate "sufficiently accurate to identify it" and the lien certificate must contain such a description of the real estate. Revised Statutes 1944, Chapter 81, Section 97.

The description must be such as to enable a person to identify the real estate and to apply the description to the face of the earth. The description of the real estate must be certain or refer to that by which it can be made certain. *Warren* v. *Norwood,* 138 Me. 180, 187; *Hunt* v. *Latham,* 121 Me. 303; *Perry* v. *Lincolnville,* 149 Me. 173, 177; 99 Atl. (2nd) 294.

Although the land must be valued separately from the buildings, reference to buildings is not demanded by the statute in the lien certificate, Revised Statutes 1944, Chapter 81, Sections 37 and 97. Buildings pass with the land without any mention or description, *Wheeler* v. *Wheeler,* 33 Me. 347; *Grover* v. *Drummond,* 25 Me. 185.

It appears to the court that the description of the land in question is sufficiently accurate. It identifies the real estate, by the bounds of abutting owners, range line, and a highway. Such a description will enable any person to locate the property, and no claim is made that these bounds do not exist. A witness, who was a surveyor and who had been an assessor and who had once lived on the disputed property, stated that the description was accurate. It was not necessary to mention buildings on the property. A mention or description of a building is not necessary in a tax lien certificate or in a deed. The buildings if not mentioned pass with the land. The real estate description was sufficiently accurate in the assessors inventory, and valuation, in the lien certificate, and in the deed from the town, to identify

it.   The same real estate description was in the assessors books, in the lien certificate and in the deed from the town. The tax for the year 1948 on this real estate was properly assessed, the land was valued and the buildings valued separately in the assessors inventory and valuation, and it does not appear that any statutory requirement was not legally followed.   See *Warren* v. *Norwood,* 138 Me. 180.

When the defendant raised the question of title the burden was upon her to show a better title than that of the plaintiff.   This she has not done.   Further than this, the evidence in the case did not in any degree overcome the prima facie effect of the recorded lien certificate.   The plaintiff showed a better title.

*Judgment for the plaintiff.*