## NATHAN C. TRIM *versus* INHABITANTS OF CHARLESTON.

A town is not legally responsible for improper proceedings, willful or otherwise, by the majority of a school district.

Assessors are responsible only for their personal fidelity and integrity in the assessment of such taxes as they are by law required to assess.

The provisions of R. S., c. 14, § 88, are not applicable to school districts.

ON REPORT. From *Nisi Prius.*

This was an action of the case to recover back the amount of a tax, alleged by the plaintiff to have been illegal, and which was paid by him under duress.

*A. Sanborn,* for plaintiff.

*J. A. Peters,* for defendant.

GOODENOW, J. — This is an action of the case, founded on the R. S., c. 14, § 88, which provides that, "if any sum of money shall be assessed, which was not granted and voted for a legal object, with other moneys legally granted and voted to be raised, the assessment shall not thereby be rendered void," &c.

It is brought to recover of the defendants the amount of a certain tax, which the plaintiff alleges was illegally raised, by a supposed school district, No. 5, in Charleston, for the alleged illegal object of removing a school-house and repairing the same; which tax was assessed by the assessors of said Charleston, and by their warrant ordered to be collected; and which was paid to their collector by the plaintiff, while in jail on said warrant; and also twenty-five per cent. interest thereon, and for other damages.

The statute seems to relate to State, county, town and plantation taxes, and the assessment and collection thereof.

Chapter 17, from §§ 28 to 36, inclusive, relates to the raising, assessing and collecting taxes in school districts.

If it had been the intention of the Legislature to make the provisions in c. 14, § 88, applicable to school districts, we are of opinion, that such object would have been distinctly stated; especially after the decision of this Court in the case

of *Trafton* v. *Inhabitants of Alfred,* 15 Maine, 258, that "no action can be maintained against a town for the assessment and collection of an illegal school district tax." ·

It is not alleged or proved, or even asserted that this sum of money, which the plaintiff has been compelled to pay for an "illegal object," was assessed "with other moneys legally granted and voted to be raised." This would seem to be necessary in order to bring the case within the statute. It is not alleged that there was any error, mistake or omission by the assessors, collector or treasurer of the town. The substance of the averment is, "that the tax was not *raised* for a legal object."

The allegation of a mistake in the assessors, is only an allegation, that they mistook the law. They are not responsible, excepting for their own personal faithfulness and integrity, for the assessment of any tax, *which they are by law required to assess.* They are by law required to assess, "all moneys voted to be raised by the inhabitants of such district for the purposes aforesaid," and only such.

We may reiterate the language of the late Chief Justice MELLEN, in the case of *School District in Green* v. *Bailey,* 3 Fairf. 259. "It could never have been intended that a town should be held answerable for any improper proceedings, willful or otherwise, on the part of a majority of a school district." *Plaintiff nonsuit. — Costs for defendants.*

TENNEY, C. J., and HATHAWAY, APPLETON, and MAY, J. J., concurred.