ROYAL HERRIMAN, JR., *versus* NATHANIEL STOWERS AND ALS.

The provisions of the statute, chap. 14, sec. 56, afford no protection to assessors of a corporation in assessing a tax which they were not obliged by law to assess.

Where assessors were legally chosen and the tax legally assessed in form, but against an inhabitant of another town, they have no jurisdiction, and are not protected by their own personal faithfulness and integrity.

REPORTED by HATHWAY, J.

This is an action of trespass against the defendants as assessors of the town of Prospect. The assessors were legally chosen, and made their assessment in due form. The plaintiff was arrested, and paid the tax, under protest, to relieve himself from imprisonment. The presiding judge, being of opinion that the statute was a sufficient protection to the defendants, and that upon the evidence the action could not be maintained, directed the jury to find their verdict for the defendants, and to find specially whether on the first day of May, 1852, the year for which the tax was assessed, the plaintiff resided in Prospect or Searsport.

The jury returned a verdict of not guilty, in accordance with the direction of the court, and found specially that the plaintiff, on the first day of May, 1852, was a resident of Searsport.

*N. Abbott,* counsel for the plaintiff.

The jury have found that the plaintiff, at the time the tax was assessed, was a resident of Searsport, and not liable to taxation in Prospect. The judge, being of the opinion that the assessors were exonerated from all liability by virtue of chap. 14, sec. 56, of the Revised Statutes, instructed the jury that the action could not be maintained, and that they must render their verdict for the defendant; but at the request of counsel the jury were permitted to settle the question of residence; and they have settled it in favor of the plaintiff. The only question in this case is, will *trespass* lie against the

assessors of a town for assessing a tax against a citizen of another town, who is *not* liable to taxation by them, and who has been arrested by the collector and compelled to pay the tax to save himself from imprisonment. The statute does not exonerate assessors for the assessment of a tax against a citizen of another town, or state, or country, who is not liable to taxation by them. It only exonerates them from all liability on account of the *assessment* of any tax *which they are by law required to assess.* The language of the statute is, " the assessors of towns, plantations, parishes, and religious societies, shall not be made responsible for the assessment of any tax which they are by law required to assess; but the liability shall rest solely with said corporations; and the assessors shall be responsible only for their own personal faithfulness and integrity."

Are assessors *required by law* to assess a tax against citizens of other towns, who have no property in the town where the assessors live, and who are not liable to be assessed? If so, then they are required by law to assess citizens of other states and nations. But the last clause in section 56, referred to, says, " the assessors shall be responsible only for their own personal faithfulness and integrity." That is a part of the whole section, and is qualified by what precedes it. It simply means that the assessors shall be responsible only for their own personal faithfulness and integrity for the assessment of a tax which they are by law required to assess.

Such is evidently the proper construction of the statute. The Supreme Court of Massachusetts have given such a construction to a statute precisely like our own, which that state passed in 1823. See chap. 138, sec. 5, of the statutes of Mass.

In 4 Pick., 399, the court say, that " the assessors of a religious society are liable in trespass for the assessment of a tax on a person who is not a member, and that they do not come within the provisions of the act of 1823, making them responsible only for their integrity and fidelity."

In 5 Pick., 498, the court say, that where the assessors assess a tax against a person *not liable to assessment,* he may maintain trespass against the assessors, or he may sue the town or society for the money.

*J. G. Dickerson,* counsel for the defendant, relied upon R. S., chap. 14, secs. 17, 18, 19, 20, 21, and cited Stickney v. Bangor, 30 Maine R., 410; R. S., chap. 6, sec. 62; Trafton v: Alfred, 15 Maine R., 262; Tucker v. Wentworth, 35 Maine R., 396; Mosier v. Roby, 11 Maine R., 135; Greene v. Bailey, 12 Maine R., 254; Withington v. Eveleth, 7 Pick. R., 106.

RICE, J.   Sec. 56 of chap. 14, R. S., provides, that the assessors of towns, plantations, parishes and religious societies shall not be made responsible for the assessment of any tax which they are by law required to assess; but the liability shall rest solely with said corporations; and the assessors shall be responsible only for their own personal faithfulness and integrity.   By the act of amendment, these provisions are extended so as to include school districts.

It is admitted that the defendants were legal assessors, and that the tax against the plaintiff was legally assessed.

The case also shows that the plaintiff was arrested on a warrant duly issued to the collector, and that to procure his discharge from arrest he was compelled to pay this tax, which he did under protest.   The jury found that the plaintiff, at the time the tax was levied and assessed, resided in Searsport.

Without statute protection, under the facts as they exist in this case, the defendants are manifestly liable.   Does the statute protect them?   Was the tax against the defendant one which they were by law required to assess?   Clearly not.   They could only assess the inhabitants of their town, and the property within it.   Beyond this, as assessors, they have no jurisdiction.   This provision, therefore, does not protect them.   Gage v. Currier, 4 Pick., 399; Ingraham v. Daggett, 5 Pick., 451; Inglee v. Bosworth, 5 Pick., 498;

Withington v. Eveleth, 7 Pick., 106; Freeman v. Kenney, 15 Pick., 44; Mosier v. Robie, 2 Fairf., 135.

The remedy by application to the assessors for an abatement applies only where there has been over taxation, where there was authority to tax, and not where the whole tax was unauthorized and illegal. Howe v. Boston, 7 Cush., 273.

The provisions of sec. 62, chap. 6, R. S., were manifestly intended to apply to elections, and do not include the case at bar. Trafton v. Alfred, 15 Maine R., 258.

*The case must stand for trial.*