# COUNTY OF FRANKLIN.

### CHARLES V. LOOK *versus* INHABITANTS OF INDUSTRY.

If one, under duress, pays a tax wrongfully assessed on him, and the money goes into the treasury of the town, he may recover the amount, in an action against the town, without first making a special demand therefor.

EXCEPTIONS from the ruling at *Nisi Prius* of APPLETON, J.

This was an action of ASSUMPSIT to recover the amount of a tax assessed on the plaintiff by the assessors of Industry for the year 1858.

It was admitted that the plaintiff paid the tax after arrest and commitment by the collector, and that the amount was paid into the town treasury; that the tax was legally assessed, if the plaintiff was. an inhabitant of the town of Industry on the first day of April, 1858. There was no proof of any demand on the defendants.

The counsel for the defendants requested the Court to instruct the jury, if they should find that the plaintiff was not an inhabitant of Industry on the first day of April, 1858, this action could not be maintained; which instruction the Court declined to give, but instructed them, if they should find the plaintiff was not an inhabitant of Industry on the ·first day of April, 1858, their verdict should be for the plaintiff. The jury found specially that the plaintiff was not an inhabitant of Industry on the first day of April, 1858, and their verdict was for the plaintiff.

The defendants excepted.

*Goodenow*, in support of the exceptions, contended : —

1. That if the plaintiff was not an inhabitant of the town, the assessors were not authorized to tax him; that, for so doing, they personally were liable, and not the town.

2. That, without special demand before suit, the plaintiff could not maintain his action.

*S. Belcher, contra.*

The opinion of the Court was drawn up by

RICE, J.—The case finds that the plaintiff was not an inhabitant of Industry on the first day of April, 1858, and therefore was not liable to be assessed as such for that year. It also finds that the tax was paid under duress, and the money has gone into the treasury of the defendants. Under such circumstances, upon common principles, the corporation having received the money of the plaintiff, to which they have no right, and placed it in their treasury, are liable to refund it in this action. *Sumner* v. *First Parish in Dorchester,* 4 Pick., 461; *Thorndike* v. *Boston,* 1 Met., 242; *Briggs* v. *Lewiston,* 29 Maine, 472. We find no authority for requiring a special demand before commencing the action. *Exceptions overruled, and*

*Judgment on the verdict.*

APPLETON, GOODENOW, DAVIS and WALTON, JJ., concurred.