JACOB O. ROGERS vs. INHABITANTS OF GREENBUSH.

*Taxes assessed for legal purpose—money paid for under protest not recoverable by resident owner.*

Assumpsit will not lie by a resident owner to recover from his town money paid under protest to redeem land sold for taxes raised for a legal purpose, but assessed in an irregular or defective manner.

*It seems*, that the form of protestation, under which a tax is paid with a view of recovering it back, is immaterial; but it must be a distinct and definite protest against paying the particular tax on the ground of its illegality.

ON REPORT.

ASSUMPSIT for money had and received, whereby the plaintiff, a resident of the defendant town, claims to recover back money paid to redeem land, situated in said town, sold for taxes. The plaintiff paid the money to the collector, " at the time protesting against said taxes." He was not arrested, nor were his goods seized, but a portion of said lands were sold, and he redeemed them to save forfeiture.

The plaintiff claimed to recover the money back upon the ground that the assessments were not legally made.

The action was commenced within one year after payment; and if maintainable, it was to stand for trial.

*W. T. Hilliard*, for the plaintiff.

*J. A. Peters & F. A. Wilson*, for the defendants.

KENT, J. The question presented for our determination is, whether an action of assumpsit can be maintained to recover back money paid for taxes on real estate, belonging to and assessed as the property of an inhabitant of the town, who paid to the collector such taxes, " at the time protesting against said taxes ;" although he was not arrested, nor were his goods seized, but a portion of the land was sold, which he redeemed to save forfeiture. He claims that the assessments were not legally made.

This, then, is not a case of a person denying the right of the town to tax him or his property, real or personal, or both, on the ground that he was not an inhabitant, and therefore not liable to be entered at all on the tax-list. Nor is it the case of taxing real and personal estate in the same assessment, and an attempt to collect under the warrant to distrain or arrest the body. Nor is it a question of overvaluation.

There is no allegation that the taxes were raised for an illegal purpose. It is not denied that the land was liable to be taxed to the plaintiff. The only objection is, that "the assessments were not legally made." We understand this to mean, that there were irregularities or deficiencies in some particulars in making the assessments.

We do not think it necessary to determine, whether the fact that the plaintiff, at the time he paid, "protested against said taxes," is sufficient to answer the requirement of the law, that the taxes were paid under protest. We think that the law requires something more definite and distinct than general fault-finding, grumbling, complaint of injustice or inequality, even if in language it takes the form of protestation. It must be a distinct and definite protest against paying the particular tax, on the ground of its illegality. The form may not be material.

In the present case, as the parties desire a decision on the main question, we waive a decision on this question.

Can this action on these facts be sustained? We can find no statute of this State which authorizes it. On the contrary, the statute provisions, by inference at least, seem to negative the right. In relation to the real estate of non-residents, this right of action is expressly given by § 146, c. 6, R. S. of 1857. It follows the section which makes the new provision, refusing a right "to commence, maintain, or defend any action or suit in law or equity on any ground involving the validity of such sale, until the amount of all taxes, charges, and interest shall have been paid or tendered." The provision, allowing an action to recover back such payment, was inserted with the manifest design of allowing a party who dis-

puted the legality of the tax or of the proceedings, to test those questions by an action to recover the amount paid, without risking the loss of his title to the real estate.

But whilst the same provision is made, in substance, in case of a tax on the land of a resident, as to the nature and amount of evidence to be produced by the party claiming under a tax sale, the other provisions as to payment, before trial, and as to recovering back the tax paid, are entirely omitted. R. S. of 1857, c. 6, § 157. The only provision we can find in this statute relating to this right of action is found in § 98, which provides that " if any money, not raised for a legal object, is assessed with other moneys, legally raised, the assessment shall not be void ; nor shall any error, mistake, or omission by the assessors, collector, or treasurer, render it void ; but any person paying such tax may bring his action against the town, and shall recover the sum not raised for a legal object, with twenty-five per cent interest and costs, and any damages he has sustained by reason of the mistakes, errors, or omissions of such officers."

Whatever construction may be given to this section, it is manifest that it does not authorize this suit; which is to recover back money paid for taxes, confessedly not raised for an illegal purpose. The apparent intent of the section is to limit the right to recover for money paid to the single matter of mixing a tax for an illegal object, with a tax for legal objects, and to leave the party, as to errors, mistakes, and omissions by the town officers, to his action on the case for his special damages. But we give no opinion as to the true construction of this statute provision.

Independently of the statute, we think the action cannot be sustained.

It is undoubtedly true, that many cases may be found in our court and in that of Massachusetts, where actions to recover back money paid for taxes, under protest, have been sustained. But on examination, they will be found to be cases where the party suing was not an inhabitant, and therefore not liable to be assessed at all, or where the assessment was for both real and personal estate, or for

personal estate only, and the collector's warrant authorized and directed the enforcement by seizure of property or the arrest of the body.

The reason why in these cases the party was allowed his action to recover back money thus paid, is that the party had no other mode by which he could assert his rights, or have any hearing, or test in any way, the legality of the tax and of the proceedings under it. It was deemed unjust, if not unconstitutional, to allow any officers to issue a final execution, peremptory and absolute and severe in its terms, beyond even an execution from a court, without allowing the party charged some opportunity, in some form, to have a judicial investigation and determination of the questions raised.

But this is exceptional, and allowed in those cases only, when otherwise the party would be remediless.

This view is stated very distinctly and decidedly by C. J. Shaw, in *Wright* v. *Boston,* 9 Cush. 241, and it is a view which goes far to reconcile all the cases, which at first reading might seem contradictory. The court say, in that case, " The only ground upon which a party is allowed to pay a tax or assessment under protest, and afterwards maintain an action to recover it back, is when the tax was wholly void, a mere nullity; when a party can have no action and take no appeal, and when the collector appears with his warrant, he must pay, or have his person arrested or property taken, then he pays under a species of duress; and as the tax was wholly void, as when the party was not an inhabitant and not liable to pay any tax, the city or town, into whose treasury it has been paid, cannot equitably retain it. For any defect or irregularity in the course of the proceeding in making the assessment any ground of objection, which does not go to show the whole proceeding a nullity, he must take his appeal, if he has one."

The same view is taken in *Preston* v. *City of Boston,* 12 Pick. 7; and more distinctly restated in *Boston & S. B. Glass Co.* v. *Boston,* 4 Met. 189. The reason for the rule, allowing a person to maintain an action to recover back taxes paid to a collector, is there

stated to be, because the warrant to the collector is in the nature of an execution, running against the person and property of the party, upon which he has no day in court, no opportunity to plead and offer proof, and have a judicial decision of the question of his liability. In the case before us, the taxes in question were on the real estate only. By the existing law, such estate is liable to be sold by the collector. He had pursued that mode, and part of the estate had been sold and was redeemed by the plaintiff. It does not appear that the collector had attempted or intended to attempt any other mode of collecting the tax, than by sale under the statute lien for these taxes. Indeed, the case finds that he was not arrested, nor were his goods seized.

The plaintiff then had an opportunity to test the validity of the tax and of the proceedings, by commencing or defending any real action depending upon the validity of the sale. He was not remediless. He was not under duress or threats. He paid voluntarily, so far as any actual danger of loss of personal property or of liberty was concerned. He had a door opened for him into court, where he could defend his title to the land, if the tax or proceedings were illegal and insufficient to pass the title.

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.