CHARLES B. GILMAN *vs.* INHABITANTS OF WATERVILLE.

*Taxes—recovery of money paid for. Money raised for illegal object. Ticonic Bridge. Soldiers' monument.*

Under R. S. c. 6, § 114, a tax-payer cannot in an action for money had and received, recover "any damages he has sustained, by reason of the mistakes, errors, or omissions," of the assessors, collector, or treasurer.

An action under c. 6, § 114, to recover such damages cannot be sustained, when it does not appear that the plaintiff has paid more than his tax; or more than he would have paid, if the mistakes, errors, or omissions had not occurred; or that he has in his person or property suffered injury on that account.

Sums paid for extra interest as well as those paid to a "prosecuting committee," but not raised for those purposes by a vote of the town, cannot be deemed to be included in a tax and be recovered back as being "raised for an illegal purpose."

Gilman *v.* Inhabitants of Waterville.

Special Laws of 1864, c. 389, which took effect after a vote of the defendant town
  to raise money for the purpose of purchasing Ticonic bridge and making it free,
  made the raising of the money valid.
The raising of two thousand dollars in 1869, for the purpose of erecting a soldiers'
  monument, was authorized by Pub. Laws of 1866, c. 19, incorporated into R.
  S. c. 3, § 36.

ON REPORT.

ASSUMPSIT for money had and received to recover twenty-six
hundred and eighty-three dollars and sixty-four cents, " being
money collected of the plaintiff by the defendants under duress,
and paid by him under protest, for taxes illegally assessed or col-
lected during the years 1864–1869."

At the annual meeting of the town in March, 1864, the town
" Voted, to raise the sum of four thousand dollars, and that the
same be appropriated for the purpose of making that part of Ti-
conic bridge free that is within the town of Waterville, provided
that a sufficient sum be raised from other sources to make the whole
of said bridge free within one year."

" Voted, that the selectmen be instructed to pay the prosecuting
committee of 1862."

At the annual meeting in March, 1869,

" Voted, to raise the sum of two thousand dollars, to be equally
divided between the two associations, provided that the names of
all the Waterville soldiers who died in the service or by reason of
disease contracted or wounds received in the United States, be in-
scribed on each monument."

There was evidence that the selectmen paid extra interest for
the loan of money, but none that the town ever raised any for that
purpose.

The remaining facts appear in the opinion.

The full court to order such judgment as the law and evidence
required.

*E. F. Webb,* for the plaintiff.

*J. Baker,* for the defendants.

DANFORTH, J.   This is an action against the defendant town, for the purpose as alleged in the declaration, of recovering back money illegally assessed and collected.

From the testimony as reported, we learn that the illegality relied upon, arises from certain alleged errors in the warrants and commitments to the collector.   Assuming the existence of these errors, they affect the authority of the collector rather than the legality of the assessment.   For such errors no action can be sustained against the town except as provided in R. S. c. 6, § 114. Under that provision, if the plaintiff has suffered damage by reason of the mistakes, errors, or omissions of the assessors, collector, or treasurer, the tax is not void, but he may recover such damages in an appropriate action against the town.   Upon this ground as a basis for the plaintiff's action, the only question which can arise is that of damages.   It is not the tax or any portion of it as such, which he recovers, but only " damages he has sustained by reason of the mistakes, errors, or omissions of such officers."   To the plaintiff's success in this action, upon this branch of his case, there appears to be two insuperable objections,—1st, an action for money had and received is not an appropriate action in which to settle a question of unliquidated damages ; and 2d, we are unable from the testimony to ascertain that he has suffered any such, or any damages whatever.   It appears that he has paid his tax.   It does not appear that he has paid any more than his tax, or any more than he would have done, if such mistakes, errors, or omissions had not occurred, or that he has in his person or property suffered any injury on that account.

The plaintiff claims, also, to recover on the ground that certain sums, included in his tax, were raised for an illegal object.   If this were so, under the statute before cited, he might, undoubtedly, recover in this form of action..   But this nowhere appears.   The sums paid for extra interest, and to the prosecuting committee, were not voted by the town for that purpose.   The town did, by vote, raise a sum for interest.   But the sum was indefinite, and no mention is made of extra interest, nothing in the vote to indicate

that it was to be appropriated for other than legal interest, and illegality of purpose is not to be presumed.

An illegal voting of money to be assessed is one thing. An illegal payment of money after it is assessed is quite another thing.

For the former, if actually assessed and collected, an action will lie; for the latter, another and different remedy seems to have been provided.

The four thousand dollars raised for the purpose of making Ticonic bridge free, was authorized by special act of the legislature, approved March, 22, 1864, passed after the vote, but before the assessment. The sum of two thousand dollars, voted for a soldiers' monument, was raised in 1869, and authorized by an act of 1866, c. 19, incorporated into the R. S. c. 3, § 36. The plaintiff fails to sustain his action upon either ground, and in accordance with the provision in the report there must be

*Judgment for the defendants.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.