MAX SARLET vs. J. A. McMENNANIN.

Oxford County. Decided March 24, 1920. The plaintiff, admittedly a resident of the State of New York, bought from a trustee in bankruptcy the stock in trade formerly owned by the bankrupt. With this stock he intermingled other goods bought from other places in New York State and from Lewiston in this State. He then proceeded to sell the bankrupt stock and the intermingled goods in the

store formerly occupied by the bankrupts. He made no attempt to comply with Chapter 41 of the Revised Statutes relating to itinerant vendors, to which class of persons he clearly belonged according to the terms of that statute. The duly elected assessors of the town in which the sale was carried on, acting within the provisions of the same statute, assessed a tax upon the stock and intermingled goods and committed the same for collection to the defendant, who was the duly elected collector of taxes. Under protest the tax was paid and the money was turned over by the collector to the duly elected town treasurer, the former taking receipt for the same from the latter. The money was used by the town treasurer in paying proper town charges. Later the plaintiff demanded return of the money by the defendant and upon his refusal to do so this action was brought for money had and received. The case is before us upon report. No irregularity in the assessment or collection of the tax by any town officer is alleged. No suggestion is made that the tax was an illegal one. No claim of duress is made. Only a protest at the time of payment is contained in the record but that protest was not shown to have been made to avoid arrest of his person or seizure of his property. *Smith* v. *Readfield*, 27 Maine, 145. The plaintiff cites no authorities to establish his right to maintain this action and we know of none. Plaintiff nonsuit. *B. L. Berman*, for plaintiff. *James B. Stevenson*, for defendant.