**Henry N. BERRY, III**

v.

**Gerald E. DAIGLE, Tax Assessor for the Town of Cape Elizabeth and State of Maine, and State of Maine, Defendant-Intervenor.**

Supreme Judicial Court of Maine.

July 12, 1974.

Henry N. Berry, III, County Atty., in pro. per.

Charles P. Barnes, II, Portland, Waldemar G. Buschmann, Asst. Atty. Gen., Bureau of Taxation, Augusta, for defendant-intervenor.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

On report from the Superior Court (Cumberland County), this case concerns the constitutionality of the 1972 poll tax[1] levied on the Plaintiff by the State of Maine in the person of the Defendant, tax assessor for the Town of Cape Elizabeth, wherein the Plaintiff resides and was assessed.

The essential facts of this case are few and simple. Pursuant to 36 M.R.S.A. § 1381, the tax assessor for the Town of Cape Elizabeth assessed a poll tax for the year 1972 upon Mr. Berry, who was a male resident of Cape Elizabeth between the ages of 20 and 70. Mr. Berry paid the poll tax but wrote a letter to the tax assessor stating that the tax was paid under protest in order to obtain a driver's license under the provisions of 29 M.R.S.A. § 584.[2] On October 9, 1972, the Plaintiff applied for an abatement of the three-dollar 1972 poll tax on the grounds that such an "assessment is arbitrary and discriminatory and violates [his] right to equal protection under the 14th Amendment to the United States Constitution." In a letter also dated October 9, 1972, defendant tax assessor denied the request for an abatement.

Following the denial of abatement, the Plaintiff filed his complaint in the Superior Court. The complaint was brought under the provisions of 36 M.R.S.A. § 845—appeal to the Superior Court from a tax assessor's denial of abatement. In addition to seeking an order of abatement, the Plaintiff also seeks declaratory relief pursuant to 14 M.R.S.A. § 5951 et seq. to establish the constitutionality of the tax and the relative rights of the parties.

The State of Maine was permitted to intervene as a party-defendant by the authority contained in 14 M.R.S.A. § 5963

---

1. At the time of the assessment of the tax in the instant case, the poll tax statute, in pertinent part, read as follows:

   A poll tax of $3 shall be assessed upon every male resident of the State between the ages of 21 and 70 years, . . . in the place where he resides on the first day in each April, unless he is exempted therefrom by this Title.

   36 M.R.S.A. § 1381 (Repealed, effective March 13, 1973).

2. Plaintiff also challenges the constitutionality of the ancillary requirement that a valid poll tax receipt for the current year be presented as a prerequisite for issuance of a driver's license. 29 M.R.S.A. § 584 (repealed 1973). Since the operation of this requirement presupposes the validity of the poll tax, we see no need for separate reference, and hereafter our discussion of the poll tax subsumes such ancillary uses of the tax.

entitling the Attorney General to be heard if declaratory relief is sought and a statute is alleged to be unconstitutional. The report came to this Court on an agreed statement of facts.[3] During the pendency of this case and after its report by the Superior Court on February 6, 1973, the Legislature repealed the poll tax. Act of March 13, 1973, c. 66, § 18, 1973 Laws of Maine. The provisions of repeal expunged every vestige of the poll tax from the effective statutes of Maine.

The joinder of claims for abatement review and declaratory relief is permissible in the same proceeding. Similar joining of claims for relief is an established practice in our courts. Maine Merchants Assoc., Inc. v. Campbell, Me., 287 A.2d 430 (1972) (claims for injunctive, declaratory and Rule 80B relief sought against Banking Commission); cf. Perkins v. Warren, Me., 247 A.2d 97 (1968); Northeast Shoe Co. v. Industrial and Recreational Finance Approval Board, Me., 223 A.2d 423 (1966); Parsons v. Chasse, 159 Me. 463, 195 A.2d 72 (1962). Furthermore, the Court may grant declaratory relief, when it is appropriate, either as an original matter or to implement or assist a decision reviewing the action taken by an administrative body. See Field, McKusick, and Wroth, Maine Civil Practice § 80B.2. We therefore consider independently the Plaintiff's cause of action as it relates to the request for abatement and declaratory relief.

Remedy by application for abatement of taxes is not available where an entire assessment is alleged to be void or the taxing authority is challenged as invalid. Talbot v. Inhabitants of Wesley, 116 Me. 208, 100 A. 937 (1917); Herriman v. Stowers, 43 Me. 497 (1857). The abatement remedy is available only for overtaxation obtained by the operation of a lawful tax. Where property assessed was overvalued or an assessment of property was discriminatorily excessive, recourse by application for abatement to the tax assessor is the proper and logical means to achieve a reconsideration of the assessor's prior determination. Abatement, which is always initially requested from the assessor, is restricted to the issue of over-taxation. Perry v. Inhabitants of Town of Lincolnville, 149 Me. 173, 99 A.2d 294 (1953); see Kittery Electric Light Co. v. Assessors of Town of Kittery, Me., 219 A.2d 728 (1966); Maine Consolidated Power Co. v. Inhabitants of Town of Farmington, 219 A.2d 748 (1966); Inhabitants of Bucksport v. Swazey, 132 Me. 36, 165 A. 164 (1933); Cumberland County Power and Light Co. v. Inhabitants of Town of Hiram, 125 Me. 138, 131 A. 594 (1926); Shawmut Mfg. Co. v. Town of Benton, 123 Me. 121, 122 A. 49 (1923); Penobscot Chemical Fibre Co. v. Inhabitants of Town of Bradley, 99 Me. 263, 59 A. 83 (1904); Gilpatrick v. Inhabitants of Saco, 57 Me. 277 (1869). The failure of an assessor to grant an exemption is properly included within that category of over-taxation subject to review by a proceeding for abatement. This is so even where the entire tax obligation is challenged as being the product of an assessment on exempt property or polls. Depositors Trust Co. v. City of Belfast, Me., 295 A.2d 28 (1972); Holbrook Island Sanctuary v. Inhabitants of Town of Brooksville, 161 Me. 476, 214 A.2d 660 (1965); City of Lewiston v. All Maine Fair Association, 138 Me. 39, 21 A.2d 625 (1941).

Where a petitioner seeks to recover moneys paid for an allegedly unlawful and therefore invalid tax, he may not proceed by an action for abatement of the tax, which is available only to consider the excessive imposition of an otherwise lawful tax. The Plaintiff's attack on the con-

3. Although the parties and presiding Justice characterized this report as being pursuant to Rule 72(a), the parties stipulated to an agreed statement of facts relative to the report of the action. Therefore, the case is properly reported under Rule 72(b) of the Maine Rules of Civil Procedure.

stitutionality of the former poll tax statute was an improper basis for a claim of abatement, and such action is ineffective to obtain a ruling on the constitutionality of the now repealed tax statute.

■ We next examine Plaintiff's request for declaratory relief. His complaint seeks not only a declaration as to the constitutionality of the tax and licensing statutes, but also "such other and/or further relief as the Court deems just." In light of the Appellant's argument, we treat the pleadings as seeking an order for refund of the poll tax collected from Mr. Berry in 1972 or a declaration of such a right.

■ This Court has decided that the Uniform Declaratory Judgments Act (codified in Maine under 14 M.R.S.A. § 5951 et seq.) should be liberally construed to allow consideration of the rights of parties relative to the validity or interpretation of statutes. *See* 14 M.R.S.A. § 5954; Maine Sugar Industries, Inc. v. Maine Industrial Bldg. Authority, Me., 264 A.2d 1 (1970) (declaratory judgment proceeding proper to determine rights of parties under a statutory amendment not yet in effect); *cf.* King Resources Co. v. Environmental Improvement Commission, Me., 270 A.2d 863 (1970); Jones v. Maine State Highway Commission, Me., 238 A.2d 226 (1968). Accordingly, declaratory judgments have been employed to establish rights in tax cases. Holbrook Island Sanctuary v. Inhabitants of Town of Brooksville, *supra* (whether property was tax exempt under the statute in question). A proceeding for declaratory judgment may be maintained even though an alternative remedy is available. The action is not contingent on the exclusivity of its remedy. Higgins v. Robbins, Me., 265 A.2d 90 (1970); Maine Broadcasting Co. v. Eastern Trust & Banking Co., 142 Me. 220, 49 A.2d 224 (1946). Therefore, despite the fact that the regular procedure for recovery of taxes invalidly collected was by a common law action in assumpsit for money had and re-

ceived (now incorporated within the unitary "civil action" pursuant to M.R.C.P., Rule 2), a declaratory judgment may be issued establishing the legality of the taxing authority and the rights of the parties with respect to the money collected. This position is in concert with the law of the majority of jurisdictions which have enacted the Uniform Declaratory Judgments Act and have considered its use in testing the constitutionality of a state tax. *See* Annot., 132 A.L.R. 1108; Annot., 11 A.L. R.2d 359.

■ 14 M.R.S.A. § 5954 allows for both a determination of the validity of a questioned statute and a declaration of rights, status and other legal relations thereunder. The Act has also been found to allow such coercive relief as might be found appropriate. Reed v. State, Me., 295 A.2d 657, 661 (1972). Reports of cases to the Law Court under M.R.C.P., Rules 72(a) and (b) allow for determination of the entire action in the most comprehensive manner. The Court has before it every question of law and fact that the reported case involves. Mather v. Cunningham, 107 Me. 242, 245, 78 A. 102, 103 (1910); *cf.* Shapiro Bros. Shoe Co., Inc. v. Lewiston-Auburn Shoeworkers Protective Association et al., Me., 320 A.2d 247 (1974). When presented with a report of a declaratory judgment action, the Law Court may view the pleadings and facts presented in their totality so as to resolve all appropriate questions relative to the rights of the parties.

■ Although the Declaratory Judgments Act expands the range of available relief, it does not relax the requirements of justiciability necessary to present the Court with a judicable controversy. A declaratory judgment action will not be entertained where the questions propounded by the parties no longer present the Court with an active dispute of real interests between the litigants. Lund ex rel. Wilbur v. Pratt, Me., 308 A.2d 554, 559 (1973). This posi-

**326**

tion is consistent with the Court's long standing policy that an appellate court will not decide moot questions or abstract propositions of law. Hazzard v. Westview Golf Club, Inc., Me., 217 A.2d 217, 224 (1966); Drummond v. Inhabitants of Town of Manchester, 161 Me. 376, 212 A. 2d 701 (1965).

The Declaratory Judgments Act does not create a new cause of action; it merely authorizes a new form of relief. It is an essential condition of the right to invoke judicial relief that the plaintiff have a protectible interest. Under declaratory procedures, the plaintiff must have an established legal interest. No new claim of right is created by the availability of declaratory relief. To establish a justiciable controversy proper for a declaratory judgment, the complainant must establish a claim of right buttressed by a sufficiently substantial interest to warrant judicial protection. Jones v. Maine State Highway Commission, *supra;* Borchard, Declaratory Judgments p. 48.

We look to the Plaintiff's declaratory judgment action to determine if he has established an adequate claim of right to support the granting of judicial relief, and whether he still has a substantial interest in that claim. To prevent mooting of the question, due to the interim repeal of the poll tax statute, the Plaintiff must prove a right to the recovery of the money paid under the 1972 poll tax. Absent the right to a refund, a declaration as to the constitutionality of a repealed tax statute would involve a moot issue. Where a party is subject to no future injury and has suffered no legally compensable or remedial loss, the courts will not act to resolve a dispute, as such action would be without practical effect.

To support his claim for declaratory relief, the complainant must comply with all requirements necessary as a condition of raising his grievance. There must be a definite assertion of legal rights on the one side and a positive denial thereof on the other. In the subject case, the Plaintiff has failed to meet the prerequisites necessary to support a right to the refund of his poll tax.

Under Maine law, where a person has paid the amount of taxes assessed upon him, he can not recover it back upon the ground that the assessment was illegally made if there be no proof that he was compelled to pay the same, or any portion thereof, by duress of his person or seizure of his property, or that any part of it was paid under protest and to avoid such arrest or seizure. Smith v. Inhabitants of Readfield, 27 Me. 145 (1847). The fact that the Appellant paid the tax under protest in order to obtain his driver's license does not raise the external influence to the level of duress. Mere protest without showing a purpose to avoid arrest of person or seizure of property does not preserve the right to recover taxes paid. Sarlet v. McMennanin, 119 Me. 587, 109 A. 263 (1920); Creamer v. Inhabitants of Bremen, 91 Me. 508, 40 A. 555 (1898); Rogers v. Inhabitants of Greenbush, 58 Me. 390 (1870); Look v. Inhabitants of Industry, 51 Me. 375 (1863); Hathaway v. Addison, 48 Me. 440 (1860); *cf.* Drummond v. Maine Employment Security Commission, 157 Me. 404, 173 A.2d 353 (1961). The requirement that the payment be under duress is equally applicable where the constitutionality of the tax is being attacked. 72 Am.Jur.2d, State and Local Taxation § 1087.[4]

4. In Atchison, T. & S. F. R. Co. v. O'Connor, 223 U.S. 280, 32 S.Ct. 216, 56 L.Ed. 436 (1912), the Supreme Court allowed that "implied duress" satisfied the requirement that the payment be under duress. This doctrine applies where a taxpayer is put at a serious disadvantage in the assertion of his legal rights in defending proceedings brought to collect the tax, even though no actual seizure of the taxpayer's goods or person is

As the tax was not paid under legally cognizable duress, the Plaintiff has no entitlement to its refund, despite the possible merits of his case relative to the constitutionality of the repealed statute. To present us with a justiciable question, the complainant must show a legal right which adheres to him and which the Court may act to protect. To perfect that claim of right, he must satisfy the prerequisites of entitlement. Having failed to do so, he may not obtain a decision on the propriety or validity of governmental action.

Had the poll tax statute not been repealed, the continuing and future threat of injury would have constituted sufficient interest to have supported a declaratory judgment action without a showing of entitlement to the return of sums already collected. In the present case, the threat of further unlawful taxation has been extinguished, and the only continuing interest of the Appellant is dependent on his having a present right subject to judicial relief. No such right exists.

It may be further noted that the proper party-defendant for the recovery of an unlawful tax would have been the tax collector or the municipality, whichever had possession of the funds at the commencement of the suit. As assessor, Mr. Daigle did not have possession of the money and, therefore, could not have returned the funds. *See* 14 M.R.S.A. § 5963; *cf.* Dillon v. Johnson, Me., 322 A.2d 332, 334–335 (1974); La Fleur v. Frost, 146 Me. 270, 80 A.2d 407 (1951).

There is no statutory basis in Maine for an action to recover money paid under an allegedly unconstitutional tax. 36 M.R.S.A. § 504 [5] allows for an action to recover tax "money not raised for a legal object," but the provision is inapplicable to a situation as in the subject case. First, § 504 allows for recovery where the *object* of taxation is illegal. Here, the object of taxation is not alleged to be unlawful, but rather the tax itself is alleged to be invalid. A predecessor statute to § 504 containing the same provision was considered by this Court in Gilman v. Inhabitants of Waterville, 59 Me. 491 (1871). The Court clearly stated that although the statute would be available to challenge an illegal payment of money after it is assessed, it was not available to challenge the legality of the assessment and collection itself. An illegal assessment could only be recovered by an action in assumpsit for money had and received. Second, the poll tax is not a mixed assessment of money not raised for a legal object "with other moneys legally raised," as would appear to be necessary to fall within the purview of the statute. *See* Trim v. Charleston, 41 Me. 504 (1856). Third, § 504 prescribes that "any person paying such tax may bring his action against the municipality. . . . " Here, Plaintiff's action is against the tax assessor only, and an indispensable party is therefore lacking. The statute provides no additional grounds or means for the Appellant to recover his 1972 poll tax. *See generally* Eastport Water Co. v. Inhabitants of City of Eastport, Me., 288 A.2d 718, 719–722 (1972).

---

imminent. The present case presents no such severe disadvantage preventing his assertion of right on equal terms with the governmental entity. The inconvenience of the licensing requirement does not amount to compulsion, implied or express.

5. "If money not raised for a legal object is assessed with other moneys legally raised, the assessment is not void; nor shall any error,

mistake or omission by the assessors, tax collector or treasurer render it void; but any person paying such tax may bring his action against the municipality in the Superior Court for the same county, and shall recover the sum not raised for a legal object, with 25% interest and costs, and any damages which he has sustained by reason of mistakes, errors or omissions of such officers."
36 M.R.S.A. § 504.

. The failure of the Appellant to establish a claim of right for the recovery of the collected tax leaves his action a mere request for a declaratory judgment on the past validity of the poll tax statute. Since the action has lost its controversial qualities by reason of legally valid supervening circumstances which deprive the parties of a legally cognizable interest in the outcome, the action is moot and therefore inappropriate for judicial consideration. Good Will Home Association v. Erwin, Me., 285 A.2d 374, 379 (1971). The authority is extensive and respectable in holding that a statute passed during the course of litigation, and which obviates the gravamen of the complaint, moots and renders unnecessary a determination of the former controversy. Socialist Labor Party v. Gilligan, 406 U.S. 583, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972); Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); United States v. Alaska Steamship Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920).

Democratic government affords alternative means for public grievances to find expression and achieve resolution. Recourse to the courts is but one avenue by which citizens can secure protection of their civil rights and correct the abuses of state action. The legislature is equally qualified and competent to respond to legitimate public interests for remedy of governmental wrongs. Indeed, the legislative branch has much broader discretion than the judicial branch in restricting or extending the range of state activity.

The Maine Legislature acted within its authority in repealing the Maine poll tax. The repeal effectively extinguished the substantive issues contained in the subject matter of this case, and made unnecessary additional comment on the merits by this Court.

The entry will be:

Report discharged.

Complaint dismissed.

All Justices concurring.