STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-86
TEP - CUM - 5/31/2002

AMERICAN MARTIAL ARTS FOUNDATION,

Plaintiff

v.                                                  DECISION AND ORDER

CITY OF PORTLAND, BOARD OF
ASSESSMENT REVIEW, ET AL,

DONALD L. GARBRECH*
LAW LIBRARY

Defendants

JUN 18 ...

This matter is before the court on the Rule 80B appeal of the plaintiff

American Martial Arts Foundation ("Foundation") from the adverse decisions

of the defendants Richard Blackburn in his capacity as the Tax Assessor for

the City of Portland ("Assessor") and the City's Board of Assessment Review

("Board"). The Foundation challenges the Assessor's findings and decision

that it is not entitled to a property tax exemption as a "literary" organization

within the meaning of 36 M.R.S.A. § 652(1)(B)[1] and further challenges the

Board's jurisdiction to hear and decide tax exemption issues.

## I. BACKGROUND

On February 1, 1999, the Foundation applied to the Assessor for

exemption from local taxes for the 1999-2000 tax year. Plaintiff's Exhibit

("Ex.") 1. On May 7, 1999, the Assessor denied the Application. Ex. 3. On

June 2, 1999, the Foundation appealed that decision to the Board.

---

[1]The statute provides that real and personal property "owned and occupied or used solely for their own purposes by literary and scientific institutions" is exempt from taxation. 36 M.R.S.A. § 652(1)(B) (1990).

At the hearing before the Board on September 14, 1999, the parties agreed that the sole issue was "whether as of April 1, 1999 the Foundation qualified as a 'literary institution' for purposes of 36 M.R.S.A. § 652." Exs. 34 & 35. The Board concluded that the Foundation did not qualify for tax exempt status because its "literary pursuits were not of a primary or substantial character." *Id.*

## II. DISCUSSION

### A. Jurisdiction of the Board

The court disagrees with the Foundation's argument that the Board's authority, which is limited to tax abatement issues pursuant to 36 M.R.S.A. § 843, does not empower it to review the exemption decision by the Assessor. *Berry v. Daigle*, 322 A.2d 320, 324 (Me. 1974) ("The failure of an assessor to grant an exemption is properly included within that category of over-taxation subject to review by a proceeding for abatement"); *Maine Cent. R.R. Co. v. Town of Dexter*, 588 A.2d 289, 292 (Me. 1991) ("An abatement proceeding is a proper vehicle in which to challenge the taxation of property claimed to be exempt"). In this 80B appeal, the court is more properly called upon to review the determinations of the Board and does not reach the plaintiff's arguments concerning the sufficiency or legality of the Assessor's decision.

### B. Constitutional Challenge

Preliminarily, the Foundation argued that the method and manner by which the Assessor determined and denied its exemption application constituted a violation of its rights of due process. However, this appeal

deals with the actions of the Board, not the Assessor, and the court need not consider this argument. The Foundation has made no such claim regarding the proceedings and actions by the Board and the court cannot conclude that any such constitutional infirmities exist.

C.   Decision of the Board

When reviewing an agency's decision, the court must uphold the agency's findings of fact if supported by substantial evidence on the record as a whole. *MacDougall v. Dep't of Human Servs.*, 2001 ME 64, ¶ 6, 769 A.2d 829, 831. Even if there is evidence that would support a contrary result, the findings should be upheld if not clearly erroneous. *Harold D. Smith & Sons, Inc. v. Fin. Auth. of Maine*, 543 A.2d 814, 816-17 (Me. 1988).

In its review process, the Board begins with the presumption that the Assessor's determination is valid and "[t]he taxpayer has the burden of overcoming that presumption." *Town of Southwest Harbor v. Harwood*, 2000 ME 213, ¶ 7, 763 A.2d 115, 117. The Foundation did not meet its burden. At the hearing before the Board, the Foundation presented evidence of its nature, mission, the number of volumes in its library, its course offerings, and the type of work performed by its teachers and students. It also produced evidence that it uses the subject property for its own purposes, and that its activities and purposes are educational in nature. However, none of this is sufficient to compel a conclusion that the Foundation is a literary institution.

"Literary"[2] has a meaning separate and distinct from that of "educational," and while a literary institution is exempt under 36 M.R.S.A. § 652(1)(B), an educational institution[3] is not. *See Hurricane Island Outward Bound v Town of Vinalhaven*, 372 A.2d 1043, 1047 (Me. 1977). Ascribing a common and plain meaning to the term "literary institution," the Board was justified on this record in concluding "that the Foundation's literary pursuits were not of a primary or substantial character." *See* Ex. 34; *Hurricane Island*, 372 A.2d at 1046. Accordingly, the court concludes that the Foundation has not brought its case "unmistakably within the spirit and intent of the act creating the exemption." *Hurricane Island*, 372 A.2d at 1046 (citataions omitted).

Based on this record, the court cannot conclude that the Board's findings and conclusions (1) violated any constitutional or statutory provisions; (2) exceeded the agency's statutory authority; (3) were based upon any unlawful procedure; (4) were affected by bias or error of law; (5) were unsupported by substantial evidence on the whole record; or (6) were arbitrary or capricious or characterized by abuse of discretion. *Munjoy Sporting & Athletic Club v. Dow*, 2000 ME 141, ¶ 6, 755 A.2d 531, 536 (citation omitted). In sum, the Foundation did not present "credible, affirmative evidence" to meet its burden of persuading the Board that the

---

[2]"Literary" means "[p]ertaining to literature; connected with authors and the study or use of books and writings." BLACK'S LAW DICTIONARY 841 (5th ed. 1979).

[3]"Educational institution" has been defined as "[a] school, seminary, college, university, or other educational establishment, not necessarily a chartered institution." BLACK'S LAW DICTIONARY 461 (5th ed. 1979).

4

Assessor's decision was wrong. *Town of Southwest Harbor*, 2000 ME 213, ¶ 9, 763 A.2d at 118 (citation and internal quotation omitted).

### III. DECISION

Based upon all of the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry is

The decision of Defendant City of Portland, Board of Assessment Review, is AFFIRMED.

Dated:   May 31, 2002

_____
Justice, Superior Court

Date Filed __10-14-99__   _____CUMBERLAND_____   Docket No. __AP 99-86__

County

Action ____APPEAL - 80(B)____

AMERICAN MARTIAL ARTS FOUNDATION
A NON-PROFIT ORGANIZATION PRIMARILY
DOING BUSINESS IN PORTLAND

CITY OF PORTLAND
THE BOARD OF ASSESSMENT REVIEW
RICHARD BLACKBURN AS ASSESSOR OF THE
CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PETER EVANS, ESQ   775-3101<br>PO BOX 427, PORTLAND ME 04112 | CHARLES LANE, ESQ.<br>P. O. BOX 427   389 Congress ST<br>PORTLAND, MAINE  04112-0427  04101-3509<br>874-8480 |

| Date of Entry | |
|---|---|
| **1999**<br>Oct. 14<br>" "<br>" " | Received 10-14-99:<br>Complaint summary sheet filed.<br>Complaint filed.<br>Jury Fee $300.00 PAID. |
| Oct. 15 | On 10-15-99.<br>Breifing schedule mailed. Plaintiff's brief due 11-23-99. |
| Oct. 25 | Received 10/21 '99:<br>Plaintiff's Motion to Specify the Future Course of Proceedings, Including Timing of Briefs and Arguments/Scope of Discovery and Other Pre-Trial Proceedings, Including Pre-Trial Conferences, Pursuant to M.R.Civ.P. 80B(i) filed. |
| Nov. 19<br>'"' '"' | Received 11/18/99:<br>Entry of Appearance of Charles Lane, Esq. on behalf of Defendants filed.<br>Acknowledgment of Receipt of Summons and Complaint filed.<br>· Charles Lane, Esq. accepts service on behalf of Defendants on November 15, 1999. |
| Dec. 02<br>'"' '"'<br>'"' '"' | Received 12/02/99:<br>Motion to Dismiss filed on behalf of the Board of Assessment Review of the City of Portland filed.<br>Defendant's Motion to Dismiss Count II filed.<br>Request for a Hearing on Defendant's Motion to Dismiss Count II filed. |
| Dec. 03 | Received 12/02/99:<br>Answer and Appearance of Counsel of the City of Portland and Richard W. Blackburn as Assessor of the City of Portland filed. |