STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. RE-16-060

U.S. BANK TRUST, N.A., AS TRUSTEE
SUCCESSOR IN INTEREST TO BANK
OF AMERICA, NATIONAL ASSOCIATION
AS TRUSTEE AS SUCCESSOR BY MERGER
TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CERTIFICATE HOLDERS OF BEAR STEARNS
ASSET BACKED SECURITIES I LLC, ASSET-
BACKED CERTIFICATES, SERIES 2007-HE6,

        Plaintiff

v.                                                      JUDGMENT

BEAR STEARNS RESIDENTIAL MORTGAGE
CORPORATION,

        Defendant

and

STATE OF MAINE
Cumberland. ss. Clerk's Office

JAN 3 1 2017

RECEIVED

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR BEAR
STEARNS RESIDENTIAL MORTGAGE
CORPORATION and LAUREN M. THOMAS,

        Parties in Interest

Background

By order filed on September 13, 2016, the court denied plaintiff's "motion for

quiet title and declaratory default judgment and judgment on the pleadings."[1] The court

---

[1] A quiet title action is not an appropriate cause of action for the relief plaintiff seeks. See 14 M.R.S. § 6651 (2016) (authorizing a "person in possession" of real property or a "person who has conveyed such property" to bring quiet title action); U.S. Bank, N.A. v. Decision One Mortg. Co., 2016 Me. Super. LEXIS 173, at *6 (July 26, 2016) ("Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument."); Levis v. Konitzky, 2016 ME 167, ¶ 24,

1

scheduled the case for trial pursuant to M.R. Civ. P. 55(b)(2). Jury-waived trial was held on plaintiff's complaint for declaratory judgment.

Facts

Plaintiff presented the original promissory note, dated May 18, 2007 and executed by defendant and party in interest Thomas. The note was endorsed to EMC Mortgage Corporation by defendant and in blank by EMC Mortgage Corporation. Plaintiff also presented certified copies of the mortgage dated May 18, 2007 and executed by defendant and party in interest Thomas and an assignment of the mortgage dated February 28, 2012 from party in interest Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for defendant, to plaintiff. The mortgage in this case contains the same language regarding MERS as the Law Court discussed in Greenleaf. See Bank of Am. v. Greenleaf, 2014 ME 89, ¶ 13, 96 A.3d 700.

Plaintiff's witness, a representative from Select Portfolio Servicing, Inc. (SPS), testified that he reviewed and is familiar with the records with regard to this loan, for which the servicing rights were transferred to SPS in November 2013. Plaintiff did not qualify the witness to testify about the records of the various entities involved in this transaction. M.R. Evid. 803(6); Beneficial Me. Inc. v. Carter, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96. The witness testified that the records indicate that plaintiff is the owner of the note and mortgage, and there is no indication that anyone else is the owner. He relied on a pooling and servicing agreement for these conclusions. The agreement was not offered

---

__ A.3d __ ("[R]elief pursuant to the quiet title statute is only available if the plaintiff in such an action provides the legal basis for that title. The statute does not provide an independent basis for a claim of title.").

2

in evidence and not explained in any detail, but apparently identifies this loan. He testified further that defendant is no longer authorized to do business in Maine.

Declaratory Judgment

Plaintiff seeks an order of the transfer of the mortgage and all rights contained therein, including ownership, to the plaintiff and a declaration that plaintiff is the owner of the mortgage. (Pl.'s Compl. 4-5.) Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2016). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974); (Order filed 9/13/16 2.)

Further, in Greenleaf, the Law Court concluded that the language in the mortgage granted MERS the right only to record the mortgage; MERS did not qualify as a mortgagee. Greenleaf, 2014 ME 89, ¶ 14, 96 A.3d 700. The Law Court noted there was no other "evidence in the record purporting to demonstrate that MERS acquired any authority with respect to Greenleaf's mortgage by any means other than that defined in the mortgage itself." Id. ¶ 15. There is no such other evidence in this case with regard to MERS.

Accordingly, as in Greenleaf, plaintiff here received in the assignment only what MERS possessed and has not proved it has the requisite interest in the mortgage to establish standing. Id. ¶¶ 16, 34; (Order filed 9/13/16 2). On this record, there is no basis on which the court can order the transfer of the mortgage and all rights contained therein, including ownership, to the plaintiff and to find plaintiff is the owner of the mortgage, as plaintiff requests.

3

The entry is

    Plaintiff's Complaint for Declaratory Judgment is DISMISSED without Prejudice.

Date:   January 30, 2017

Nancy Mills
Justice, Superior Court

CUMB  RE-16-060

4

ERK OF COURTS
ımberland County
ɔury Street, Ground Floor
ɔrtland, ME 04101

JOHN DOONAN ESQ
DOONAN GRAVES & LONGORIA
100 CUMMINGS CENTER, STE 225 D
BEVERLY MA 01915

STATE OF MAINE
Cumberland ss. Clerk's Office

SEP 13 2016

RECEIVED

U.S. BANK NATIONAL
ASSOCIATION,

      Plaintiff

v.

BEAR STEARNS RESIDENTIAL
MORTGAGE CORPORATION,

      Defendant

DECISION AND ORDER

Before the court is plaintiff U.S. Bank National Association's motion for a default judgment and judgment on the pleadings in its declaratory judgment action against defendant Bear Stearns Residential Mortgage Corporation. Mortgage Electronic Registration Systems, Inc. (MERS) and Lauren Thomas, the mortgagor, are parties-in-interest. For the following reasons, plaintiff's motion is denied.

FACTS

On May 18, 2007, Ms. Thomas executed and delivered to defendant a promissory note in the amount of $243,000.00. (Pl.'s Compl. ¶ 8; Pl.'s Ex. B.) To secure the note, Ms. Thomas executed a mortgage deed on property located at 9 Monroe Drive in Naples. (Pl.'s Compl. ¶ 10; Pl.'s Ex. C.) The mortgage was in favor of MERS as nominee for defendant. (Pl.'s Compl. ¶ 10.) MERS purported to assign the mortgage to plaintiff on February 28, 2012. (Id. ¶ 12; Pl.'s Ex. D.)

Plaintiff filed this declaratory judgment action on March 1, 2016. Plaintiff seeks a confirmatory nunc pro tunc order, an "effective reaffirmation" of the assignment from MERS to plaintiff, and a finding that plaintiff is the owner of both the note and the

1

mortgage. (Pl.'s Compl. ¶ 16.) Defendant and MERS were served with the complaint on March 3, 2016. Ms. Thomas was served on April 14, 2016. None of the parties answered the complaint. Plaintiff filed its motion for a default judgment and judgment on the pleadings on June 29, 2016. None of the parties responded to plaintiff's motion.

DISCUSSION

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Further, plaintiff has not established that it has standing to bring this action. The mortgage was purportedly assigned to plaintiff by MERS as nominee for defendant, and plaintiff has not offered "evidence of any independent assignment." See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. Plaintiff's standing is therefore unclear, regardless of whether this action is characterized as one for foreclosure or declaratory judgment. See id.; Berry, 322 A.2d at 325-26; (Pl.'s Mem. in Support of Mot. Default J. and J. Pleadings 4.)

Finally, especially in matters involving mortgage foreclosure, procedural rules must be followed. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718. Rule 55(b)(2) authorizes the court to conduct a hearing the court deems necessary and proper "to establish the truth of any averment by evidence." M.R. Civ. P. 55(b)(2).

CONCLUSION

Plaintiff has not shown that it has standing to bring this action. A hearing is necessary to establish the truth of plaintiff's averments. M.R. Civ. P. 55(b)(2).

2

The entry is

Plaintiff's Motion for a Default Judgment and Judgment on the Pleadings is DENIED.

Date: September 12, 2016

Nancy Mills
Justice, Superior Court

CUMB-RE-16-060