STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-117 ✓

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 2 5 2017
8:43 a.m.
RECEIVED

WELLS FARGO BANK, N.A.,

Plaintiff

v.

WMC MORTGAGE CORP.,

Defendant

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is plaintiff's complaint for declaratory judgment and/or to quiet title[1] and/or for equitable relief. The status of the original lender is apparently unknown. Plaintiff asks, essentially, the court to confirm the transfer of the mortgage to plaintiff and affirm the assignment from Mortgage Electronic Registration Systems, Inc. (MERS). The mortgage in this case contains the same language regarding MERS as the Law Court discussed in Greenleaf. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 13, 96 A.3d 700.

In Greenleaf, the Law Court concluded that the language in the mortgage granted MERS only the right to record the mortgage; MERS did not qualify as a mortgagee. Greenleaf, 2014 ME 89, ¶ 14, 96 A.3d 700. The Law Court noted there was no other "evidence in the record purporting to demonstrate that MERS acquired any authority with respect to Greenleaf's

---

[1] A quiet title action is not an appropriate cause of action for the relief plaintiff seeks. See 14 M.R.S. § 6651 (201) (authorizing a "person in possession" of real property or a "person who has conveyed such property" to bring a quiet title action); U.S. Bank, N.A. v. Decision One Mortg. Co., No. CV-15-65, 2016 Me. Super. LEXIS 173, at *6 (July 26, 2016) ("Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument."); Levis v. Konitzky, 2016 ME 167, ¶ 24, 151 A.3d 20 ("[R]elief pursuant to the quiet title statute is only available if the plaintiff in such an action provides the legal basis for that title. The statute does not provide an independent basis for a claim of title.").

1

mortgage by any means other than that defined in the mortgage itself." Id. ¶ 15. There is no such other evidence offered in this case with regard to MERS.

Plaintiff has not proved it has the requisite interest in the mortgage to establish standing. On this record, there is no basis on which the court can confirm the transfer of the mortgage to the plaintiff.

Although that determination is dispositive of plaintiff's motion, the court notes also that plaintiff has failed to join necessary parties. See 14 M.R.S. § 5963 (2016). Further, plaintiff's service is insufficient. (Pl.'s Compl. ¶ 8; Supp'g S.M.F. ¶ 4; see M.R. Civ. P. 4(g).) It is unclear whether there is "an active dispute of real interests between the litigants." (See, e.g., Compl. ¶ 37; see Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).) Finally, some statements of material facts are not supported by record references that would be admissible at trial or are not supported by the record reference. (See, e.g., Supp'g S.M.F. ¶¶ 11, 22, 27, 32-33; M.R. Civ. P. 56(e).) Reference to allegations in a complaint are insufficient on a motion for summary judgment. Galouch v. Dep't of Prof'l & Fin. Regulation, 2015 ME 44, ¶ 17, 114 A.3d 988.

The entry is

Plaintiff's Motion for Summary Judgment is DENIED.

Date: July 21, 2017

Nancy Mills
Justice, Superior Court

2